824 So.2d 641 (2002)
Steven G. BRESLER, Appellant,
v.
Rhonda L. BRESLER, Appellee.
No. 2001-CA-00568-COA.
Court of Appeals of Mississippi.
August 20, 2002.
Steven G. Bresler, Appellant, pro se.
David L. Calder, University, Attorney for Appellee.
Before KING, P.J., LEE, and IRVING, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY
¶ 1. Steven and Rhonda Bresler were married in August 1984. In November 1998, Rhonda filed a complaint for divorce with the Harrison County Chancery Court citing as grounds habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. Steven responded by filing a counterclaim for divorce on the same grounds. In her judgment dated August 21, 2000, the chancellor granted Rhonda a divorce on grounds of habitual cruel and inhuman treatment. On August 29, 2000, Steven filed a motion to set aside the judgment, arguing that the chancellor erred in granting the divorce on grounds of habitual cruel and inhuman treatment, and claiming that the judgment did not conform to the parties' agreement in various other respects. The chancellor overruled the motion and awarded attorney's fees to Rhonda as sanctions. In October 2000, Steven filed a second motion for reconsideration in the form of a motion to reconsider, to clarify judgment, and for other relief. The chancellor denied the motion in March 2001, and in April 2001 *642 Steven filed his notice of appeal to this Court.
¶ 2. Steven cites numerous issues on appeal; however, we review the history of this case and find that Steven's appeal is untimely. Thus, we dismiss.

DISCUSSION
¶ 3. Having found Steven's appeal to have been untimely filed, we decline to address the substantive issues raised on appeal and, instead, only discuss the reasons that we find dismissal to be warranted. First, we look to a timeline of relevant proceedings as they transpired in this case:
11-25-98 Complaint for Divorce filed
8-21-00 Judgment of Divorce entered
8-29-00 Steven's Motion to Set Aside Judgment
9-27-00 Order denying Motion
10-12-00 Steven's Motion to Reconsider, To Clarify
 Judgment, and for Other Relief
3-5-01 Order denying Motion
4-4-01 Steven's Notice of Appeal
¶ 4. We construe Steven's August 29, 2000 motion to reconsider as a Rule 59 motion, since it was filed within ten days after the judgment. See Edwards v. Roberts, 771 So.2d 378 (¶ 11) (Miss.Ct.App. 2000). Rule 59 of the Mississippi Rules of Civil Procedure states in part:
(a).... A new trial may be granted to all or any of the parties and on all or part of the issues .... (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Mississippi.
(b) Time for Motion. A motion for a new trial shall be filed not later than ten days after the entry of judgment.
M.R.C.P. 59. This first motion to reconsider was denied on September 27, 2000. Steven thereafter filed a second motion to reconsider, to clarify judgment, and for other relief, on October 12, 2000. This motion was filed pursuant to M.R.C.P. 60(b), which states in part:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment....
M.R.C.P. 60(b).
¶ 5. Pursuant to Rule 4 of the Mississippi Rules of Appellate Procedure, the time for filing an appeal with this Court began to run from the date the first motion for reconsideration was denied. Rule 4(d) of the Rules of Appellate Procedure states:
(d) Post-trial Motions in Civil Cases. If any party files a timely motion of a type specified immediately below the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Mississippi Rules of Civil Procedure: (1) for judgment under Rule 50(b); (2) under Rule 52(b) to amend or make additional findings of fact, whether or not granting the motion would alter the judgment: (3) under Rule 59 to alter or amend the judgment: (4) under Rule 59 *643 for a new trial: or (5) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Notwithstanding the provisions of Appellate Rule 3(c), a valid notice of appeal is effective to appeal from an order disposing of any of the above motions.
M.R.A.P. 4(d).
¶ 6. The case of Pruett v. Malone, 767 So.2d 983 (Miss.2000), is on point with the present case. In Pruett, the final judgment was entered on December 23, 1996. Pruett, 767 So.2d at (¶ 1). Malone filed a motion to reconsider on January 2, 1997, which was ultimately denied on November 20, 1997. Id. Malone did not file an appeal from this adverse ruling, but eight months later in July 1998, she filed a second motion to reconsider pursuant to M.R.C.P. 60. Pruett, 767 So.2d at (¶ 2). In August 1998, the trial judge granted the motion. Id. The supreme court reversed and rendered, finding the trial judge erred in granting the motion since it was untimely. Pruett, 767 So.2d at (¶ 3).
¶ 7. In deciding to reverse and render, the supreme court in Pruett found that Malone's proper remedy was to timely appeal the denial of her first motion to reconsider to the supreme court, rather than filing a second motion to reconsider, since everything Malone cited in her second motion to reconsider was available to the trial court at the time she filed her first motion to reconsider. Pruett, 767 So.2d at (¶¶ 15-16). The supreme court stated:
The order denying a motion to reconsider is a final judgment for purposes of appeal. Malone did not appeal the November 20, 1997, order denying reconsideration; thus the dismissal became final thirty days thereafter. Malone's failure to timely appeal the order bars any further reconsideration of the case. Rule 4(a) is a "hard-edged, mandatory" rule which this Court "strictly enforces". Appeals not perfected within 30 days will be dismissed, period.
. . .
Malone's proper avenue for relief from the first order dismissing her complaint was by way of appeal, not a Rule 60 motion. Rule 60(b) motions should be denied where they are an attempt to relitigate the case.
Pruett, 767 So.2d at (¶¶ 10, 14) (citations omitted).
¶ 8. The facts and law cited in Pruett apply to the present case. The arguments raised in Steven's second motion for reconsideration are no different than those arguments raised in his initial motion for reconsideration. As occurred in Pruett, rather than timely appealing to this Court the denial of his first motion for reconsideration, Steven chose to wait and file a second motion for reconsideration after the time had expired for filing a notice of appeal to this Court. In a footnote in his reply brief, Steven even admits that he erred in failing to timely file an appeal. Thus, based on the Pruett principles and rules cited herein, we find such appeal untimely, and we dismiss the case.
¶ 9. We also acknowledge that Steven raises an objection concerning the chancellor's employment of a local rule. Pursuant to the rule, the chancellor entered an order which substantially mirrored Rhonda's proposed judgment, having done so after Steven failed to respond or to file a proposed judgment within the usual ten-day time period. As previously described, dismissal is warranted in this situation since *644 the appeal is untimely; thus, the propriety of the chancellor's decision to utilize this rule is not properly before us to review.
¶ 10. Rhonda claims that this appeal is frivolous and asks that we award her sanctions in the form of attorney's fees and double costs incurred in responding to this appeal. However, we have not addressed the substantive merits of this appeal and, consequently, have not found grounds to determine whether or not the case was frivolous. Accordingly, we decline to assess double costs or attorney's fees, but do impose court costs against Steven pursuant to M.R.A.P. 36.
¶ 11. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, P.J., IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J. BRIDGES AND THOMAS, JJ., NOT PARTICIPATING.
SOUTHWICK, P.J., DISSENTING
¶ 12. My concern is that we dismiss the appeal because the second trial court motion that sought reconsideration was too similar to the first motion seeking to set aside the judgment. If the Supreme Court has created a special rule making nullities of Rule 60 motions that repeat the claims of earlier Rule 59 motions, and I am not certain that the Court has, then I find some difference between the two motions. I would accept the appeal, then affirm.
¶ 13. An appeal may be taken from a denied Rule 60 motion, even if an earlier motion under Rule 59 has been filed and denied. The problem for the appellant who waits to appeal until the denial of a Rule 60 motion, though, is that the scope of review is quite narrow. All the appellate court can review is whether there was an abuse of discretion in denying the motion based on the Rule 60 grounds. We cannot examine the underlying merits of the original judgment. Overbey v. Murray, 569 So.2d 303, 305 (Miss.1990).
¶ 14. Mr. Bresler raised a number of matters in his second post-decree motion that were also asserted in his first. In the precedent relied upon by the majority, the Supreme Court stated that "Malone filed a Second Motion to Reconsider, presenting the same arguments she presented" in her first motion. Pruett v. Malone, 767 So.2d 983, 985 (Miss.2000). As a result, the Court dismissed the appeal since it was not timely filed from the denial of the first motion. I do not understand how far to take the Pruett decision, but I would not extend it very far. I assume that the Court created a rule that when the Rule 60 motion alleges the precise grounds as in the first Rule 59 motion, and especially if nothing in the six categories of Rule 60(b), or under Rule 60(a), has been asserted, it is really no motion at all.
¶ 15. An examination of the two motions in our case reflect some differences. The first several pages of the second motion reallege almost everything from the first motion. However, starting at the eighth paragraph, there are various new errors alleged. They seem to overlap some of what occurred before, but not completely. Some of those errors explain a misunderstanding by the new attorney about what the first attorney had received and done, a misunderstanding that skewed the earlier motion that was filed under Rule 59.
¶ 16. If Pruett is requiring that we find something new alleged in the second motion before the appeal from its denial can be heard, then I find that there are some new factual errors alleged that underlay *645 the divorce decree. Mr. Bresler is at least arguing mistake under Rule 60(b)(2).
¶ 17. Since I find that the second motion cannot be rejected as a complete duplication of the first, I conclude that this timely appeal from the denial of the second motion must be heard. What we then review is whether the denial of the Rule 60 motion was proper. I find nothing in the allegations of mistakes that appear in the decree, which basically involve misunderstandings of the terms of the parties' agreement, to require relief from the judgment. On that basis, I would find that denial of the second motion was proper and would affirm.
McMILLIN, C.J., JOINS THIS SEPARATE WRITTEN OPINION.