# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01438-COA

**CURTIS NORRIS AND JO HANNAH HALL**                    **APPELLANTS**

**v.**

**J.B. HUNT TRANSPORT, INC.**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/10/2014 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JEFFREY A. VARAS |
| | KATHRYN LINDSEY WHITE |
| | JAMES D. SHANNON |
| | BENNETT LANDON WILSON |
| ATTORNEYS FOR APPELLEE: | DAVID C. DUNBAR |
| | MORTON WARD SMITH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | DENIED APPELLANTS' MOTIONS FOR RECONSIDERATION OR, IN THE ALTERNATIVE, A NEW TRIAL |
| DISPOSITION: | APPEAL DISMISSED FOR LACK OF JURISDICTION – 06/27/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Curtis Norris and Jo Hannah Hall appeal the judgment of the Copiah County Circuit Court in favor of J.B. Hunt Transport Inc. (J.B. Hunt).  Both Hall and Norris argue that they were prejudiced by a juror's failure to respond to questions in voir dire and that the circuit court erred by granting a certain jury instruction.  In addition to the shared issues, Hall also argues that the evidence is insufficient to support the jury's verdict and, alternatively, that

the verdict is against the weight of the evidence.

¶2.     Since we find that the appeal was not timely filed, we dismiss for lack of jurisdiction.

FACTS

¶3.     This case involves a controversy over the personal injuries suffered by Hall and Norris after a motorcycle accident. Hall was a passenger riding with Norris at the time of the accident. Hall and Norris alleged that an eighteen-wheeler, owned by J.B Hunt and operated by one of its employees, merged into their lane and forced them off of the road, resulting in their being thrown from the motorcycle and suffering serious injuries.

¶4.     Hall sued Norris and J.B. Hunt for damages related to her injuries. Norris filed a cross-claim for damages against J.B. Hunt. Norris and Hall settled their dispute before trial and continued in a joint action against J.B. Hunt. The matter was tried to a jury, and it returned a verdict in favor of J.B. Hunt on March 28, 2014. On April 10, 2014, pursuant to the jury's verdict, the circuit court entered a final judgment in the matter. Hall and Norris timely filed separate post-trial motions seeking a judgment notwithstanding the verdict or, alternatively, a new trial. A little over a year later, on April 17, 2015, the circuit court denied Hall's post-trial motion, and on April 30, 2015, the court denied Norris's post-trial motion. Rather than appealing the circuit court's April 10, 2014 final judgment and the April 17, 2015 denial of her post-trial motion, Hall, on April 28, 2015, filed a motion for reconsideration of the denial of her post-trial motion. Like Hall, Norris did not appeal the April 10, 2014 final judgment after the court denied his post-trial motion on April 30, 2015;

2

rather, on May 1, 2015, Norris joined in Hall's April 28, 2015 motion for reconsideration and on May 11, 2015, filed his own motion for reconsideration of the court's April 30, 2015 denial of his post-trial motion. On September 15, 2015, the court denied the motions for reconsideration. Norris filed his appeal on September 23, 2015, and Hall filed hers on October 6, 2015.

DISCUSSION

¶5.     Since these appeals were untimely, we are unable to address the substantive issues raised by the parties because we lack jurisdiction. We explain.

¶6.     Rule 4(a) of the Mississippi Rules of Appellate Procedure provides in pertinent part:

> **Appeal and Cross-Appeals in Civil and Criminal Cases**. Except as provided in Rules 4(d) and 4(e)[1], in a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the [Mississippi] Supreme Court, the notice of appeal required by Rule 3[2] shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.

Rule 4(d) of the Mississippi Rules of Appellate Procedure provides that, in civil cases, if a party timely files one of these motions—(1) a motion for a judgment under Rule 50(b) of the Mississippi Rules of Civil Procedure; (2) a motion to amend or make additional findings of facts under Rule 52(b) of the Mississippi Rules of Civil Procedure, whether or not granting

---

[1] Rule 4(e) of the Mississippi Rules of Appellate Procedure relates to post-trial motions in criminal cases.

[2] Rule 3 of the Mississippi Rules of Appellate Procedure provides in pertinent part that "[a]n appeal permitted by law as of right from a trial court to the [Mississippi] Supreme Court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."

the motion would alter the judgment; (3) a motion to alter or amend the judgment or for a new trial under Rule 59 of the Mississippi Rules of Civil Procedure; or (4) a motion for relief from a judgment under Rule 60 of the Mississippi Rules of Civil Procedure if the motion is filed no later than ten days after entry of the judgment—"the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." M.R.A.P. 4(d).

¶7.     The post-trial motions that Hall and Norris filed in April 2014 were motions under Rule 59, seeking a judgment notwithstanding the verdict, or, alternatively, a new trial. When the circuit court denied Hall's motion on April 17, 2015, and Norris's on April 30, 2015, their thirty-day appeal time began to run. *Bresler v. Bresler*, 824 So. 2d 641, 642-43 (¶5) (Miss. Ct. App. 2002); *Pruett v. Malone*, 767 So. 2d 983, 985 (¶10) (Miss. 2000). Therefore, Hall had until May 17, 2015, to file her notice of appeal, and Norris had until May 30, 2015, to file his notice of appeal. Neither of them did.

¶8.     In *Loftin v. Jefferson Davis County School District*, 142 So. 3d 1098, 1100 (¶5) (Miss. Ct. App. 2014), this Court stated:

> Motions for reconsideration are filed every day in Mississippi, but the Mississippi Rules of Civil Procedure do not specifically provide for them. This Court recently summarized how they should be treated:
>
>> The Mississippi Rules of Civil Procedure provide two avenues to move the trial court to reconsider its judgment. The aggrieved party may (1) file a motion for a new trial or to alter or amend under Rule 59 or (2) file for a relief from a final judgment under Rule 60(b). The timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b)

4

motion.

> A motion to reconsider filed within ten days of the entry of the judgment falls under Rule 59 and tolls the thirty-day time period to file a notice of appeal until the disposition of the motion. Consequently, a notice of appeal following the denial of a Rule 59 motion to reconsider encompasses both the denial of reconsideration and the underlying judgment.

> But a motion to reconsider filed more than ten days after the entry of the judgment falls under Rule 60(b). And a Rule 60(b) motion does not toll the thirty-day time period to file a notice of appeal. So a notice of appeal following the denial of a Rule 60(b) motion to reconsider limits this [C]ourt's review to whether reconsideration was properly denied under Rule 60(b). This [C]ourt has no jurisdiction to consider the merits of the underlying judgment.

(quoting *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236-37 (¶¶6-8) (Miss. Ct. App. 2013)).

¶9.     The motions to reconsider that Hall and Norris filed on April 28, 2015, and May 11, 2015, respectively, could be considered only as Rule 60(b) motions because they were filed more than ten days following the final judgment entered by the circuit court on April 10, 2014. With respect to civil cases, our rules provide that an appeal must be filed within thirty days of the entry of a final judgment unless a motion—seeking to alter or amend the final judgment, or to obtain a new trial—is filed within ten days of the final judgment. If a motion is filed within ten days, the thirty-day appeal time is tolled until the trial judge rules on the motion. Any other motion, if filed beyond ten days of the entry of the final judgment, including any motion filed within ten days after the trial court rules on the initial timely filed

post-trial motion, can be treated as a Rule 60(b) motion if it alleges facts which would bring it within the grasp of Rule 60(b). But our rules do not allow for a second tolling of the thirty-day appeal time under any circumstance, nor do they permit a second attack upon the substantive provisions of a final judgment, except by a motion alleging facts lying within the parameters of Rule 60(b).

¶10.    Here it is clear that Hall's and Norris's motions to reconsider—which were filed after the trial judge denied their initial motions for a judgment notwithstanding the verdict or, alternatively, for a new trial—were nothing more than attempts to get the trial judge to reconsider, for a second time, the final judgment that he had entered back in April 2014. The motions did not allege anything that would remotely qualify them for treatment as Rule 60 motions. Therefore, finding that Hall and Norris failed to timely file their appeals in accordance with the rules, we dismiss this appeal for lack of jurisdiction.

¶11.    **THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**