# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-01001-SCT

*MEDICAL ASSURANCE COMPANY OF MISSISSIPPI*

*v.*

*RONALD V. MYERS, SR., M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/2005 |
| TRIAL JUDGE: | HON. JANACE H. GOREE |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JEFFREY RYAN BAKER |
| | WALTER T. JOHNSON |
| | C. R. MONTGOMERY |
| | ROBERT M. JONES |
| | J. COLLINS WOHNER |
| ATTORNEYS FOR APPELLEE: | H. L. MERIDETH, JR. |
| | DAVID L. MERIDETH |
| | EDWARD BLACKMON, JR. |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 05/17/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The central issue on appeal in this action between a doctor and his former medical malpractice insurer is venue. The Chancery Court of Holmes County originally granted the insurer's motion to transfer the case to the Circuit Court of Madison County. Five months later, the chancellor granted the doctor's motion to reconsider and transferred the case to the Circuit Court of Holmes County instead. The issue before this Court is whether – after transferring the case to Madison County – the chancery court abused its discretion by

granting the doctor's motion to reconsider and transferring the case to the Circuit Court of Holmes County.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.    Medical Assurance Company of Mississippi ("MACM") insured Dr. Ronald V. Myers from 1998 through 2004, but the company elected not to renew his coverage when his policy expired on January 1, 2005, under its own terms.  One reason for MACM's decision was Dr. Myers's refusal to allow its Risk Management Department to conduct a full review of his practices in Tchula (Holmes County), Belzoni (Humphreys County), Greenville (Washington County), and Indianola (Sunflower County).

¶3.    Believing MACM owed him a statutory duty to renew his policy, Dr. Myers sued the company for damages and petitioned for an injunction to force it to insure him.  On December 8, 2004, Dr. Myers filed his complaint in the Chancery Court of Holmes County. One week later, MACM filed a motion to dismiss for lack of subject matter jurisdiction and, alternatively, moved the court to transfer the case to the Circuit Court of Madison County.

¶4.    Chancellor Janace H. Goree heard arguments on the issues of jurisdiction and venue on December 16, 2004.  That same day, the chancellor ruled from the bench that Dr. Myers's action was essentially a contract claim, so the Chancery Court of Holmes County did not have subject matter jurisdiction.  The chancellor concluded by stating "the Court is going to hereby transfer this case to the Circuit Court of Madison County."  Thereafter, the parties agreed to prepare an order consistent with this ruling.  The order, filed January 27, 2005, incorporated the bench ruling *in toto*.

2

¶5. On December 22, 2004, Dr. Myers filed with the chancery court a Motion to Reopen and Reconsider. The motion asked the court to reopen the case for the admission of additional evidence and reargument and to reconsider the bench ruling transferring the case to the Circuit Court of Madison County. On January 6, 2005, this Court decided *Snyder v. Logan*, 905 So. 2d 531 (Miss. 2005), a case dealing with permissible venues for an action between an insured and her insurer under the former venue statute. Dr. Myers thereafter argued in his February 7, 2005, brief supporting his motion that *Snyder* represented a change in controlling venue law and justified the court's reconsideration of the case.

¶6. On April 12, 2005, the chancellor held a hearing on Dr. Myers's motion to reconsider.[1] After taking the matter under advisement, the chancellor granted Dr. Myers's motion to reconsider the issue of venue. The chancellor found that credible evidence satisfactorily established a factual basis to support Dr. Myers's preference of venue in Holmes County. The order concluded, "IT IS THEREFORE ORDERED AND ADJUDGED that this case shall be transferred to the Circuit Court of Holmes County, Mississippi."

¶7. On May 23, 2005, MACM filed its Petition for Permission for Interlocutory Appeal, which this Court granted. MACM argues that the chancery court had no authority to entertain any motions, including a motion to reconsider, after ruling from the bench and entering an order transferring the case to the Circuit Court of Madison County. MACM also argues that venue is proper in Madison County. Because we conclude that the proper county

---

[1] Dr. Myers chose to abandon his motion to reopen and proceed only on his motion to reconsider. Therefore, only the motion to reconsider is before this Court on appeal.

of venue in this case is Madison County, we need not address the question of whether the chancellor had authority to consider the motion for reconsideration.[2]

## DISCUSSION

¶8.     The question before us is whether, after it transferred this case to Madison County, the chancery court abused its discretion by granting Dr. Myers's motion to reconsider, and then transferring the case to the Circuit Court of Holmes County.

*Relief under Mississippi Rule of Civil Procedure 60(b)*

¶9.     MACM argues the chancery court erred in granting Dr. Myers's motion to reconsider because he failed to satisfy the requirements of Mississippi Rule of Civil Procedure 60(b) for relief from an order.  Dr. Myers asserts the chancery court properly entertained his motion because the court failed to consider the venue issue when it transferred the case to the Circuit Court of Madison County based on its lack of subject matter jurisdiction, and because the chancery court's ruling was not a "final judgment, order or proceeding."

¶10.     Rule 60(b) governs relief from a judgment or order based on mistakes, inadvertence, newly discovered evidence, fraud, and other specified circumstances.  It states, in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representation from a final judgment, order, or proceeding for the following reasons:
>
> (1)     fraud, misrepresentation, or other misconduct of an adverse party;
>
> (2)     accident or mistake;
>
> (3)     newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2]The timing of the transfer of jurisdiction to a transferee court is a matter more appropriately addressed by this Court pursuant to its rule-making authority.

4

(4)    the judgment is void;

(5)    the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

(6)    any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.

Miss. R. Civ. P. 60(b).

¶11.    A trial court's grant of relief under Miss. R. Civ. P. 60(b) is reviewed for abuse of discretion. *R. N. Turnbow Oil Invs. v. McIntosh*, 873 So. 2d 960, 963 (Miss. 2004). In his December 20, 2004, motion to reconsider, Dr. Myers simply asked the court to reopen the case for the admission of additional evidence and reargument and to reconsider its bench ruling transferring the case to the Circuit Court of Madison County. In his brief filed two months later, Dr. Myers argued that a case handed down by this Court on January 6, 2005, *Snyder v. Logan*, 905 So. 2d 531 (Miss. 2005), constituted an intervening change in controlling law. This basis for reconsideration does not fit within the first five enumerated reasons for relief under 60(b). As such, this Court must determine whether the trial court abused its discretion by granting relief pursuant to the catchall category of 60(b)(6), "any other reason justifying relief from the judgment." Significantly, "[r]elief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances." *Briney v. U.S. Fid. & Guar. Co.*, 714 So. 2d 962, 966 (Miss. 1998).

5

¶12.    Although never explicitly stated, the chancery court apparently granted Dr. Myers's motion to reconsider because it did not specifically address and analyze the issue of venue in its original order transferring the case to the Circuit Court of Madison County. In contrast, the court's May 10, 2005, order did include findings of fact and conclusions of law explaining its decision to transfer the case to Dr. Myers's original venue choice – Holmes County. However, unless extraordinary and compelling circumstances justified the transfer from the Circuit Court of Madison County to the Circuit Court of Holmes County, the first order transferring the case to the Circuit Court of Madison County must be enforced.

*Venue: The Circuit Court of Holmes County*

¶13.    Both parties agree the circuit court, rather than the chancery court, has jurisdiction in this case. The dispute concerns whether the Circuit Court of Holmes County is a proper venue for Dr. Myers's action. While Dr. Myers acknowledges that Madison County would also be a permissible venue, he claims that his choice of venue – Holmes County – should be respected because "the plaintiff is entitled to choose between any of the permissible venue options where credible evidence or factual basis supports the venue selected." ***Wal-Mart Stores, Inc. v. Johnson***, 807 So. 2d 382, 387 (Miss. 2001). MACM, on the other hand, contends that Madison County is the only proper venue given the facts of this case.

¶14.    This Court has held that "[a]n application for change of venue is addressed to the discretion of the trial judge, and [her] ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances." ***Guice v. Miss. Life Ins. Co.***, 836

So. 2d 756, 758 (Miss. 2003). Pursuant to Miss. Code Ann. Section 11-11-3 (Rev. 2004), venue is appropriate in the following counties:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

The defendant MACM has its principal place of business in Madison County, so a substantial alleged act, omission, or injury-causing event must have occurred in Holmes County to make it a proper venue for this action.

¶15.    Significantly, the Legislature amended Section 11-11-3, effective September 1, 2004, to set venue where substantial acts or events causing the injury *occurred*, not where the cause of action *accrued*, as was permissible under the former statute. Since Dr. Myers filed his action on December 8, 2004, the current statute, quoted above, controls the disposition of this case.

¶16.    Given this foundation, we must determine whether the chancery court abused its discretion in finding that credible evidence supported Dr. Myers's position that a substantial act, omission, or injury-causing event (or substantial component thereof) occurred in Holmes County. If no basis exists for such a finding, then the chancellor's decision granting Dr. Myers's Motion to Reconsider must be reversed, and the original judgment transferring the case to the Circuit Court of Madison County must be reinstated.

### 1.    Whether *Snyder v. Logan* changed controlling venue law

¶17.    Contrary to Dr. Myers's claims, *Snyder* did not represent a change in controlling venue law. In that case, the plaintiff, Snyder, purchased auto insurance from the defendants

7

in December 2000, but the policy was cancelled in December 2001 for failure to pay the premiums. 905 So. 2d at 532. Snyder paid the requested amount and was informed that she would be covered from January 7, 2002, through February 7, 2002. *Id.* On January 8, 2002, Snyder was involved in a single-car accident. When the defendants denied her claim, she filed suit in Jefferson County Circuit Court for misrepresentation, negligence, breach of contract, and bad faith. *Id.*

¶18. The trial court found venue to be appropriate where Snyder purchased her auto insurance (Adams County), where one defendant had a registered agent for process (Rankin County), and where the plaintiff conducted business with another defendant (Warren County), but not in Jefferson County. *Id.* Interpreting the former venue statute, and relying on *Stubbs v. Mississippi Farm Bureau Casualty Insurance Co.*, 825 So. 2d 8, 13 (Miss. 2002), the Court found that the plaintiff's action against her insurer could be brought in Jefferson County because the car accident occurred there. *Snyder*, 905 So. 2d at 534.

¶19. The decision did not break any new ground, but merely relied on prior pronouncements of this Court regarding the former venue statute. Its position that an action could be properly filed in multiple venues, including where a substantial alleged act or injury-causing event occurred, was anything but novel. The rationale of the Court advanced in *Snyder* was the same reasoning propounded by the Court in cases decided before the chancery court ruled to transfer Dr. Myers's case.

    **2.**      **Whether the chancellor's findings support the venue change**

8

¶20.   In its Order Granting Reconsideration of Venue, the chancery court made the following findings of fact justifying transfer of the case to the Circuit Court of Holmes County:

(1)   Myers completed his application to [MACM] for the malpractice insurance in Holmes, County, Mississippi.

(2)   MACM issued the policy from Madison County to Myers in Holmes County, Mississippi.

(3)   The second quarter of premium was paid by Myers to MACM from Holmes County and mailed to MACM in Madison County.

(4)   There were discussions between Myers and MACM in 2004, by mail and probably by telephone, from and between Holmes County and Madison County about insurance coverage on a clinic in Tupleo [*sic*] that was ultimately excluded from coverage by MACM.

(5)   There were multiple written communications to and from Myers in Holmes County and to and from MACM in Madison County pertaining to a review by MACM Risk Management Committee at various Myers' clinics, including the clinic in Holmes County, Mississippi.

(6)   The letter advising Myers that his malpractice insurance had been cancelled[3] was sent by U.S. Mail in Tchula, Holmes County, Mississippi, and received by him in Tchula, Holmes County, Mississippi.[4]

(7)   One of the clinics operated by Myers and insured by MACM is located in Tchula, Holmes County, Mississippi.

(8)   Myers selected Holmes County, Mississippi to file his lawsuit.

¶21.   As stated above, the venue statute permits a case to be filed where a substantial alleged act, omission, or injury-causing event occurred. Therefore, even if an act or omission did not cause the injury, it can nevertheless establish venue if it is both *substantial* and

---

[3] Dr. Myers's suit against MACM is for failing to renew his policy, not for cancelling it.

[4] This appears to be a misstatement by the chancery court. The non-renewal notice was sent by MACM from Madison County to Dr. Myers in Holmes County.

*alleged* by the plaintiff. Dr. Myers's complaint does not allege that his decision not to give MACM's risk management team full access to his practice, including his practice in Holmes County, contributed to his claim. Thus, that fact – even if true – does not meet the "alleged" portion of the test.

¶22. Next, we note that the basis for Dr. Myers's action was MACM's decision not to renew his coverage once it expired on January 1, 2005, under its own terms. With respect to establishing Dr. Myers's cause of action and claims of wrongful conduct, we find little or no relevance to the particular place he completed his application or mailed his premium payments. Dr. Myers is not claiming that MACM rejected his application or decided not to renew his policy for failure to pay premiums. Completing an application in, and making payments from, Holmes County cannot be considered substantial acts or injury-causing events in this case.

¶23. Additionally, the chancery court's finding of communications "from and between Holmes County and Madison County" and "to and from Myers in Holmes County and to and from MACM in Madison County" is an insufficient basis for establishing venue. MACM never communicated to Dr. Myers from Holmes County, and all of MACM's deliberations, meetings, correspondence, and communication with Dr. Myers occurred in or were transmitted from its offices in Madison County. MACM never met with Dr. Myers in Holmes County, but the parties did meet in Madison County. In other words, Dr. Myers is suing MACM based on the company's own acts or omissions, all of which occurred in Madison County.

10

¶24. The location of the mailbox where Dr. Myers received his policy, non-renewal notice, or other communications from MACM is likewise immaterial. As MACM properly notes, "Dr. Myers's receipt of information in Holmes County is a passive function of his presence there and is not a substantial event causing the damages he claims." Along those same lines, Dr. Myers is not claiming that his own actions or communications contributed to his injuries, so where he performed those actions or from where he made those communications does not impact this Court's venue analysis. Since it is MACM's decision not to renew the insurance policy that is the alleged cause of Dr. Myers's injuries, every substantial act, omission, or injury-causing event occurred in Madison County.

¶25. Finally, Dr. Myers argues that because he operated a clinic in Holmes County, a substantial injury-causing event *occurred or accrued* in Holmes County. However, under the amended statute, venue is no longer set by where a cause of action accrued. Even though Dr. Myers claims he was damaged when he experienced being uninsured in Holmes County (and in Humphreys, Washington, and Sunflower counties), this could be the *result* of substantial acts, omissions, or injury-causing events which occurred in Madison County alone. Following Dr. Myers's logic, a plaintiff injured in an automobile accident in Madison County could establish venue in every county in which the plaintiff traveled simply by showing that, in each county, his or her injuries worsened.

¶26. The venue statute does not allow the "piling" of acts or events to establish venue. It specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there. In *American Home Products Corp. v. Sumlin*, 942 So. 2d 766 (Miss. 2006), the plaintiff filed suit against

a pharmaceutical company for injuries sustained from taking Redux. The plaintiff obtained the prescription, filled it, and ingested the pills in Wayne County. *Id.* at 771. However, she filed suit in Smith County because the echocardiogram revealing her injuries was performed there. *Id.* Whether the test was properly performed was a major point of contention between the parties. *Id.* at 769. Nevertheless, this Court held that venue was only proper in Wayne County, saying "the performance and interpretation of an echocardiogram, alone, is not sufficient so as to constitute a 'substantial component' of this claim. Likewise, any emotional distress or psychological pain resulting from the findings of an echocardiogram does not constitute a substantial component of the claim." *Id.* at 771 (internal citations omitted). Thus, the performance of an echocardiogram or the place where the plaintiff experienced her injuries was not "substantial" enough to establish venue in a particular county. The same is true of the receipt of correspondence, the location of a single clinic in a multi-clinic operation, or the place where Dr. Myers "experienced" being uninsured.

¶27. We conclude the chancery court abused its discretion in finding credible evidence supported transfer of the case to the Circuit Court of Holmes County. Madison County was the county of proper venue under Section 11-11-3, and the chancellor's original decision to transfer the case there was correct. Therefore, the chancery court improperly granted Dr. Myers's motion to reconsider its original order transferring the case to the Circuit Court of Madison County, as there were no extraordinary circumstances compelling relief from the original order.

**CONCLUSION**

12

¶28.     For the reasons discussed herein, we reverse the chancery court's Order Granting Reconsideration of Venue, reinstate the chancery court's original order transferring the case to the Circuit Court of Madison County, and remand the case for further proceedings consistent with its opinion.

¶29.     **REVERSED AND REMANDED**.

       **SMITH, C.J., WALLER, P.J., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR.  DIAZ, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. GRAVES, J., NOT PARTICIPATING.**

       **DIAZ, PRESIDING JUSTICE, DISSENTING:**

¶30.     Because the majority today declines to address the critical issue at hand in this case, I must respectfully dissent.  The threshold issue that must be decided before any other is whether the chancery court retained the jurisdiction to reconsider the motion to transfer venue after previously ordering the transfer.  Instead of deciding this point, the majority leaps ahead of itself and concludes that venue is proper.  In my view, this issue must addressed first, and we provide no guidance to the Bench and Bar by ignoring it.

¶31.     There is only one practical method for determining at what point a transferring court loses jurisdiction over a case after granting a motion to change venue.  Simply, the full transfer of a case should not be effected until after a motion for reconsideration has been granted or denied by a trial court (assuming, of course, that one is filed).  This bright-line method avoids the needless complications that have arisen in other jurisdictions and preserves uniformity with other motions.  Just as we will not find error with a trial court regarding issues never presented to it for consideration, we should not find error when a trial court has never had the opportunity to correct itself.  *See **Mills v. Nichols***, 467 So. 2d 924,

13

931 (Miss. 1985). Other methods that involve immediate transfers from court to court would squander judicial resources and slow the passage of justice. It goes without saying that the trial court which ruled on the original motion is in the best position to adjudicate if a motion for reconsideration is worthy of deliberation or simply a repeat of the arguments the court has already considered. The original court can best separate the wheat from the chaff.

¶32. The majority also misplaces its analysis of motions to reconsider upon Mississippi Rule of Civil Procedure 60(b). The trial court ruled verbally on December 16, 2004, and the motion to reconsider was filed on December 22. Because the motion to reconsider was filed less than ten days after the ruling, it was filed pursuant to Rule 59. *See* MRCP 59(e); ***Cannon v. Cannon***, 571 So. 2d 976, 978 (Miss. 1990) (if a "motion was filed more than ten days after the entry of the final judgment . . . [the] appeal cannot be considered under Rule 59"); ***Bresler v. Bresler***, 824 So. 2d 641, 642 (Miss. Ct. App. 2002) (motions to reconsider will be treated "as a Rule 59 motion [when] filed within ten days after the judgment"); *compare* MRCP 60, which focuses exclusively on mistakes, inadvertence, fraud, or new evidence, and which allows six months' time to file a motion. For a discussion of the differences between the rules, see ***Bruce v. Bruce***, 587 So. 2d 898, 903 (Miss. 1991), which makes clear that "Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits, and affords a much narrower range of relief than Rule 59(e)."

¶33. Because today the majority forgoes providing practical guidance to our trial courts and practitioners on this sticky procedural issue, and because it misapprehends the process by which a motion to reconsider is filed, I must respectfully dissent.