# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-IA-01991-SCT

*REVEREND MITCHELL HEDGEPETH AND*
*CATHERINE HEDGEPETH*

*v.*

*MELODY JOHNSON, INDIVIDUALLY AND AS*
*AN AGENT OF STATE FARM; AND STATE*
*FARM FIRE & CASUALTY INSURANCE*
*COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/01/2006 |
| TRIAL JUDGE: | HON. EDWARD C. PRISOCK |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHRISTOPHER C. VAN CLEAVE |
| | CLYDE H. GUNN, III |
| | W. CORBAN GUNN |
| ATTORNEYS FOR APPELLEES: | B. WAYNE WILLIAMS |
| | DAN W. WEBB |
| | J. DOUGLAS FOSTER |
| | VINCENT J. CASTIGLIOLA, JR. |
| | JOHN A. BANAHAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 02/21/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., DICKINSON AND LAMAR, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This case comes before the Court on interlocutory appeal from the Circuit Court of Jackson County.  The central issue is venue.  Mitchell and Catherine Hedgepeth filed a complaint in Jackson County against Melody Johnson, individually and as an agent of State

Farm Fire and Casualty Insurance Company, and State Farm Fire and Casualty Insurance Company. Plaintiffs assert causes of action *inter alia* for negligence, negligent misrepresentation, fraud, bad faith breach of contract, and infliction of emotional distress. The complaint followed State Farm's denial of coverage for property damage incurred as a result of Hurricane Katrina. The trial court granted Defendants' Motion for Change of Venue from Jackson County to Madison County (Johnson's county of residence), finding that Mississippi Code Annotated Section 11-11-3 mandates that an individual defendant be sued only in his or her county of residence. This Court granted interlocutory appeal pursuant to Mississippi Rule of Appellate Procedure 5.

**FACTS**

¶2. In June 2004, Rev. Mitchell Hedgepeth and his wife Catherine moved into the parsonage of St. Paul United Methodist Church in Ocean Springs. They purchased renter's insurance from State Farm Fire and Casualty Company through agent Melody Johnson to cover their personal property. Johnson's office is located in Hinds County, but she resides in Madison County.[1] On August 29, 2005, much of the Hedgepeths' personal property was destroyed by Hurricane Katrina.

¶3. According to the Hedgepeths, most of their personal property on the first floor of the parsonage was lost as a result of storm surge. The insurance claims on the personal property

---

[1] The Hedgepeths purchased insurance on the Jackson County parsonage from State Farm's Hinds County office because the Hedgepeths had an existing relationship with the Hinds County office.

lost due to storm surge were denied because the Hedgepeths' renter's insurance did not include a separate flood insurance policy. The Hedgepeths allege that they requested Johnson procure flood insurance on the parsonage in addition to regular renter's insurance because the parsonage was near a bayou. When the Hedgepeths made this request, Johnson told them that flood insurance was unavailable to them because they were renters, not homeowners.

¶4. Before Hurricane Katrina made landfall, the Hedgepeths evacuated to Jackson. After being informed by a relative that the parsonage had sustained flood damage, the Hedgepeths contacted Johnson to place her on notice of their impending insurance claim. According to the Hedgepeths, Johnson stated that if there was water damage to their property, they should "make sure some windows were blown out as a result of the hurricane." Upon returning home, the Hedgepeths informed Johnson that water had damaged or destroyed most of the property on the first floor of the parsonage but that all of the windows were still boarded up and intact. According to the Hedgepeths, Johnson replied, "Mrs. Hedgepeth, I don't want you to think bad of me, but you really need to make sure that the water entered your home through broken windows . . . if you know what I mean."

¶5. In September 2005, State Farm adjuster Larry Miller inspected the Hedgepeths' home and told them that because they did not have flood coverage, their claim would be denied. Another adjuster, Randy Pillafant, went to the Hedgepeths' home in October and informed them that their claim would not be covered. Johnson and another State Farm representative, David Haddock, went to the Hedgepeths' home in November for an inspection. While there,

3

Johnson allegedly urged the Hedgepeths to list some of the damaged personal property from the Hedgepeths' home as being located on the second floor and not the first, even though the Hedgepeths already had told Johnson that all of the damaged property was located on the first floor. Johnson also admitted that she did not make flood insurance available to the Hedgepeths when they requested it.

## PROCEDURAL HISTORY

¶6. On February 13, 2006, the Hedgepeths filed a complaint in the Circuit Court of Jackson County against Melody Johnson, State Farm, and eight "John and Jane Does." The Hedgepeths asserted that venue was proper pursuant to Mississippi Code Annotated Section 11-11-3 because "a substantial event that caused or contributed to the injuries and damages of the plaintiffs occurred in Jackson County, Mississippi." The defendants filed a Motion to Dismiss Pursuant to Rule 12 and Alternatively Motion for Change of Venue and Severance on March 20. Special Circuit Court Judge Edward C. Prisock entered an Order Transferring Venue, and Staying Execution of Order, and Staying All Proceedings, Pending Resolution of The Petition for Interlocutory Appeal Filed by the Plaintiffs. This Court granted the petition for interlocutory appeal.

## ANALYSIS

**I. Whether the trial court erred in its interpretation of Mississippi Code Annotated Section 11-11-3(1)(a)(I).**

¶7. "The standard of review for a change of venue is abuse of discretion. The trial judge's ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an

4

abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." ***Hayes v. Entergy Miss., Inc.***, 871 So. 2d 743, 746 (Miss. 2004). However, the interpretation of a statute is a question of law requiring this Court to apply a de novo standard of review. ***Champluvier v. State***, 942 So. 2d 145, 150 (Miss. 2006). The statute in question reads:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county **where the defendant resides**, OR, if a corporation, in the county of **its principal place of business**, OR in the county where a **substantial alleged act or omission occurred** OR where a **substantial event that caused the injury occurred.**

Miss. Code Ann § 11-11-3(1)(a)(I) (Rev. 2004) (emphasis added). This current version of the statute became effective on September 1, 2004. In making their motion for change of venue, the defendants argued that this code section requires that an individual defendant be sued only in the defendant's county of residence.

¶8.     The defendants argue that it was the intent of the Legislature to require an individual defendant to be sued only in his or her county of residence. That intent, according to the defendants, is illustrated by the evolution of the venue statute. Considering both the legislative context and judicial construction of prior versions of the statute, the trial court agreed with the defendants' position, stating, "[i]t appears to this court that the legislature did not intend, nor does the statute show that the legislature ever intended to create a situation where a resident defendant would be deprived of his right to be sued in the county of his

5

residence."[2]  The trial court's reliance on legislative intent in interpreting this statute is misplaced and unnecessary.

¶9.    "It is only when a statute is unclear or ambiguous that we look beyond the language of the statute to determine its meaning."  *Coleman v. State*, 947 So. 2d 878, 881 (Miss. 2006).  "We have long held that where a statute is plain and unambiguous, there is no room for construction."  *Ruhl v. Walton*, 955 So. 2d 279, 282 (Miss. 2007) (quoting *Callahan v. Leake County Democratic Executive Comm.*, 773 So. 2d 938, 940 (Miss. 2000)).  "When the words of a statute are plain and unambiguous there is no room for interpretation or construction, and we apply the statute according to the meaning of those words."  *Coleman*, 947 So. 2d at 881.  Mississippi Code Annotated Section 11-11-3(1)(a)(I) is such a plain and unambiguous statute.

¶10.    "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue."  *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992).  Clearly, Section 11-11-3(1)(a)(I) lays out four venue options from which plaintiffs can choose when filing a lawsuit.  The first two are based on the status of the defendant; that is,

---

[2] The trial court based its assertion in part on this Court's holding in *Capital City Insurance Co. v. G.B. "Boots" Smith Corp.*, 889 So. 2d 505 (Miss. 2004).  However, *"Boots" Smith* addressed the issue of plaintiffs joining non-resident defendants in order to use the "venue good for one is good for all" rule to fix venue in the plaintiff's county of residence.  The Hedgepeths are seeking to have venue in Jackson County not because it is their county of residence, but because substantial acts, omissions, or injury-causing events took place in Jackson County which make it the proper venue for this case.  Therefore, the trial court's reliance on *"Boots" Smith* is misplaced.

if the defendant is a resident defendant, the suit may be filed in his county of residence; or, if the defendant is a corporation, the suit may be filed in the county of its principal place of business. The latter two venue options focus on the alleged acts or omissions of the defendants; that is, the suit may be filed where a substantial alleged act or omission occurred; or, finally, suit may be filed where a substantial event that caused the injury occurred. According to the clear language of the statute, "[c]ivil actions of which the circuit court has original jurisdiction shall be commenced in" one of these four places.

¶11.    Because the language of Mississippi Code Annotated Section 11-11-3(1)(a)(I) is plain and unambiguous, we need not look to past versions of the statute to ascertain the legislative intent behind it. The trial court erred in its holding that this statute requires resident defendants to be sued only in their county of residence. As such, under the circumstances of this case, the trial court abused its discretion in granting defendants a change of venue to Madison County. While Madison County is one of the permissible venues, the Plaintiff's choice of venue in Jackson County must be sustained if it is a proper venue pursuant to Mississippi Code Annotated Section 11-11-3.

**II. Whether venue is proper in Jackson County.**

¶12.    The defendants claim that even if we reject their interpretation of Section 11-11-3(1)(a)(I), the transfer of venue to Madison County still was proper, as Jackson County does not qualify under any of the four options laid out in the statute.

¶13.    In addressing the question as to whether venue is proper in Jackson County, we note that Jackson County is neither Johnson's county of residence nor State Farm's principal place

of business. Therefore, we must examine the facts of this case to determine whether either "a substantial alleged act or omission" or "a substantial event that caused injury" occurred in Jackson County. The defendants point to *Medical Assurance Co. of Mississippi v. Myers*, 956 So. 2d 213 (Miss. 2007), to support their proposition that venue was improper in Jackson County. In *Myers*, Dr. Myers, a Holmes County resident, sued his insurance company, which had its principal place of business in Madison County, for failure to renew coverage. *Myers,* 956 So. 2d at 214-15. The trial court listed the following factors supporting Myers's claim that venue was proper in Holmes County: (1) Holmes County is where Myers had completed his application; (2) the policy had been issued to Myers in Holmes County; (3) the premiums were mailed from Holmes County; (4) there were communications by mail and phone between Holmes County and Madison County; (5) one of Myers's clinics was in Holmes County; and (6) Holmes County is where Myers chose to file suit. *Id.* at 218.

¶14.    Applying in *Myers* the same version of Section 11-11-3 as in the current case, this Court held that venue was proper in Madison County. *Id.* at 220. No "substantial event that caused injury" to Dr. Myers occurred in Holmes County. Therefore, in order to obtain proper venue in Holmes County, Myers needed to show that a substantial alleged act or omission occurred there. Obviously, the facts laid out by the trial court in Myers were not enough to tie venue to Holmes County. "The venue statute does not allow the piling of acts or events to establish venue. It specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there." *Id.* at 219. The mere fact that Holmes County is the place where Myers had

8

"experienced" being uninsured was not enough to meet the venue requirements of Section 11-11-3. In other words, the "alleged act or omission," which was the failure to renew Myers's insurance policy, occurred at the insurance company's office in Madison County, and that is where venue was proper.

¶15. While it is clear that this Court was correct in its application of Section 11-11-3 to the facts in *Myers*, the Hedgepeths' claims clearly are distinguishable. The Hedgepeths' claims are based, at least in part, on actual losses suffered due to Hurricane Katrina, as their complaint alleges the loss of thousands of dollars in personal property as a result of the defendant's failure to provide flood insurance. In addition to their claims for failure to procure flood insurance on their property, the Hedgepeths also allege that Johnson urged them to commit insurance fraud. Johnson was in Jackson County at the Hedgepeths' home when she allegedly told Mrs. Hedgepeth to list some of the property which had been destroyed on the first floor as having been located on the second floor. The Hedgepeths allege that this outrageous conduct caused them mental anguish and emotional distress. State Farm also had two representatives inform the Hedgepeths in person in Jackson County that their claim would be denied because they did not have flood coverage. Jackson County is one of the proper venues for this suit and therefore, the Plaintiff's choice of venue must be sustained.

## CONCLUSION

¶16. Mississippi Code Annotated Section 11-11-3(1)(a)(I) is plain and unambiguous. Therefore, we apply the clear meaning of the words of the statute, laying out four venue

9

options for a plaintiff filing a lawsuit. Because "substantial alleged acts," as well as "a substantial event that caused injury" occurred in Jackson County, Jackson County is a proper venue for this case. The holding of the trial court transferring venue to Madison County is reversed, and this case is remanded to the Circuit Court of Jackson County for further proceedings consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, P.J., AND GRAVES, J., CONCUR IN RESULT ONLY.**