# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-IA-01279-SCT

*TAYLOR CONSTRUCTION COMPANY, INC.*

*v.*

*SUPERIOR MAT COMPANY, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2018 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| TRIAL COURT ATTORNEYS: | HERMAN M. HOLLENSED, JR. |
| | KRISTOPHER A. POWELL |
| | CRAIG N. ORR |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CRAIG N. ORR |
| ATTORNEY FOR APPELLEE: | HERMAN M. HOLLENSED, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 04/16/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Taylor Construction Company, Inc., appeals the denial of its motion to transfer venue under our Civil Procedure Rule 82(d). Superior Mat Company, Inc., filed suit against Taylor Construction in the Circuit Court of Covington County alleging, *inter alia*, breach of contract, open account, and bad-faith breach of contract. Taylor Construction filed a Rule 82(d) motion with its answer. The circuit court denied Taylor Construction's motion. We affirm because the record demonstrated credible evidence that substantial events or acts occurred in Covington County.

## FACTS AND PROCEDURAL HISTORY

¶2.     Michael Montgomery, an employee of Taylor Construction working as a truck dispatcher, called Superior to rent mats for Taylor Construction's use.[1] From June 9, 2017, to June 27, 2017, Taylor employees drove to Superior's location in Covington County and picked up more than seven hundred mats.[2]

¶3.     Taylor Construction trucks returned the mats to Covington County on July 17, 2017.[3] Superior alleged that several mats were in varying degrees of dirtiness or, in some cases, damaged beyond repair. Taylor Construction paid Superior for the mats until Superior additionally billed Taylor Construction for the mats it alleged Taylor Construction did not return. Taylor Construction later stopped payment on all invoices from Superior.

¶4.     Superior filed suit against Taylor Construction in the Covington County Circuit Court, alleging breach of contract, open account, quantum meruit, and bad-faith breach of contract. Taylor Construction filed its answer along with a motion to transfer venue under Rule 82(d). After hearing arguments, the circuit court denied Taylor Construction's motion. Taylor Construction now appeals.

## STANDARD OF REVIEW

---

[1] The mats each measure eight feet by sixteen feet long and encompass roughly 128 square feet. Each mat consists of three layers of laminated oak slats fixed together with steel bolts and chains.

[2] Of the 732 mats Taylor Construction rented, forty-four mats were taken possession of at Morton Construction or at Pearl River Resort outside of Covington County.

[3] Whether all the mats were actually returned is disputed by Superior. It claims that Taylor Construction only returned 711 of the 732 mats.

¶5.    Circuit courts' rulings on motions for change of venue are reviewed under an abuse-of-discretion standard. ***Ramsey v. Auburn Univ.***, 191 So. 3d 102, 108 (Miss. 2016) (citing ***Janssen Pharmaceutica, Inc. v. Armond***, 866 So. 2d 1092, 1097 (Miss. 2004)). If the factual findings are supported by evidence and not manifestly wrong, they should be affirmed. ***Ashmore v. Miss. Auth. on Educ. Television***, 148 So. 3d 977, 981 (Miss. 2014) (citing ***Pierce v. Heritage Props., Inc.***, 688 So. 2d 1385, 1388 (Miss. 1997)).

¶6.    A factual review "begin[s] with the well-pleaded allegations of the complaint" and continues with any supplemental "affidavits or other evidence in cognizable form." ***Weir v. Mayze***, 287 So. 3d 941, 944 (Miss. 2020) (internal quotation marks omitted) (quoting ***Flight Line, Inc. v. Tanksley***, 608 So. 2d 1149, 1155 (Miss. 1992)). The key is that the plaintiff must "present ***some*** *credible evidence* supporting his or her choice of forum." ***Id.*** (emphasis added) (internal quotation mark omitted) (quoting ***Wilkerson v. Goss***, 113 So. 3d 544, 557 (Miss. 2013)). If the plaintiff does this, then "the plaintiff's choice of venue *must* be given the benefit of reasonable doubt and '*must* be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue.'" ***Id.*** (emphasis added) (quoting ***Flight Line***, 608 So. 2d at 1155).

¶7.    The permissible venues for a plaintiff to select from are controlled by statute. *See* Miss. Code Ann. § 11–11–3(1)(a)(i) (Rev. 2019).[4]  They are the county (1) "where the defendant resides," (2) "or, if a corporation, in the county of its principal place of business,"

---

[4] There are often multiple venues that meet the requirements of the venue statute and would be permissible selections by the plaintiff. *See* ***Med. Assurance Co. v. Myers***, 956 So. 2d 213, 218 (Miss. 2007).

(3) "or in the county where a substantial alleged act or omission occurred," (4) "or where a substantial event that caused the injury occurred." *Id.*

## ANALYSIS

**The record establishes that the circuit court did not abuse its discretion by finding credible evidence that a substantial alleged act or omission occurred in Covington County.[5]**

¶8.     The Covington County Circuit Court found that credible evidence existed to support Superior's venue selection of Covington County. Relying on Mississippi Code Section 11–11–3(1)(a)(i), "in the county where a substantial alleged act or omission occurred," the circuit court found that substantial acts occurred in Covington County. *Id.* Examining the allegations in the complaint, exhibits to the complaint, the defendant's answer, and the affidavits presented by the parties, the record demonstrates that the circuit court did not abuse its discretion.

¶9.     Our legislature has provided no definition of the word "substantial" as it appears in our venue statute; we have also declined to clearly articulate one over a multitude of cases concerning this statute. "[I]n the absence of a statutory definition of a phrase, it must be given its common and ordinary meaning." ***Buffington v. Miss. State Tax Comm'n***, 43 So. 3d 450, 455 (Miss. 2010) (citing ***Tower Loan of Miss., Inc. v. Miss. State Tax Comm'n***, 662 So. 2d 1077, 1083 (Miss. 1995)). In the past, members of this Court have resorted to such compendia of knowledge as dictionaries, often the Merriam-Webster Dictionary, to determine these common and ordinary meanings. *See generally **Rankin Cty. Bd. of***

---

[5]This issue is dispositive, so the Court refrains from addressing other issues.

*Supervisors v. Lakeland Income Props., LLC*, 241 So. 3d 1279, 1289 (Miss. 2018) ("The plain meaning of 'compatible' in the Merriam–Webster Dictionary is 'capable of existing together in harmony[.]'" (citing *Compatible,* Merriam–Webster Dictionary (2018))). Merriam-Webster defines "substantial" as "consisting of or relating to substance; not imaginary or illusory: real, true; important, essential." *Substantial*, Merriam-Webster (2020), https://www.merriam-webster. com/dictionary/substantial #learn-more.

¶10.    We have examined the notion of substantiality in our precedent concerning the substantial evidence rule, stating that "[s]ubstantial evidence means something more than a 'mere scintilla' or suspicion." *Pub. Emps.' Ret. Sys. v. Marquez*, 774 So. 2d 421, 425 (Miss. 2000) (quoting *Miss. Real Estate Comm'n v. Anding*, 732 So. 2d 192, 196 (Miss. 1999)). A substantial act or event is one that bears more than a mere incidental relationship to the plaintiff's cause of action. *Myers*, 956 So. 2d at 218–20 (stating that the location of a mailbox where rejection notices were received was incidental to plaintiff's cause of action); *see also* **Am. Home Prods. Corp. v. Sumlin**, 942 So. 2d 766, 769–71 (Miss. 2006) (stating that the location where a echocardiogram was taken that revealed injuries was incidental to plaintiff's cause of action).

¶11.    Substantiality is also often interpreted as a constraint designed to ensure that our judicial system proceeds along basic equitable principles. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) ("Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."). In the case sub judice, the defendant was not being haled into

a remote district. Jones County and Covington County are adjoining counties. Taylor Construction was not haled into Covington County by Superior to establish venue but rather voluntarily entered into Covington County to load and later return 688 of the 732 mats it rented, which are central to the dispute.

¶12. A substantial act then is one that bears a real relevance to the plaintiff's claim. The plaintiff's burden to demonstrate credible evidence for a choice of venue is a burden to demonstrate credible evidence of acts by the defendant in the chosen venue that have a real, not incidental, relevance to the plaintiff's claim. The complaint, the exhibits to the complaint, the answer, and affidavits demonstrate credible evidence of multiple substantial acts and occurrences in Covington County.

¶13. Superior alleges that Michael Montgomery, a Taylor Construction employee, contacted Tommy Delk, Superior's sales representative, to discuss Taylor Construction's rental of mats from Superior. Delk informed Montgomery of Superior's rental terms, and Montgomery, on behalf of Taylor Construction, agreed to those terms.

¶14. Taylor Construction then dispatched its trucks, operated by numerous employees, over an eighteen-day period stretching from June 9, 2017, to June 27, 2017, to obtain and move the vast majority of the mats from Superior's facility in Covington County to sites determined by Taylor Construction, allegedly in Lauderdale County. On June 9, 2017, Adam Kirk and one "Matt H." signed four receipts and bills of lading on behalf of Taylor Construction acknowledging receipt of sixty-four mats on four separate occasions; these mats were loaded onto Taylor Construction trucks and trailers in Covington County. Kirk also signed a rental

6

acknowledgment and return agreement that contained a venue-selection provision that venue for any dispute would be in Covington County. Taylor Construction has never disputed it rented and returned mats to Covington County. Three days later, Kirk and two more Taylor Construction employees named Drennan and Libby acknowledged receipt of forty-eight more mats, which were loaded onto Taylor Construction's trucks and trailers in Covington County. The next day, Kirk acknowledged receipt of another forty-four mats, which were loaded onto Taylor Construction's trucks and trailers in Covington County. The day after that, Kirk returned with Howard Chapman and Drennan and obtained and loaded forty-eight additional mats onto Taylor Construction's trucks and trailers in Covington County. Over the next two days, Kirk, Drennan, and Jeremy Day acknowledged receipt of ninety-six more mats and loaded them onto Taylor Construction's trucks and trailers in Covington County. On June 19, 2017, Chapman, Drennan, and Day signed receipts for another eighty mats, which were loaded onto Taylor Construction's trucks/trailers in Covington County. On June 20, 2017, Kirk, Day, Chapman, and Drennan acknowledged taking possession of 112 additional mats, which were loaded onto multiple separate Taylor Construction trucks and trailers in Covington County. On June 26, 2017, six Taylor Construction employees, William Eiland, Drennan, Lyman Hodges, James Hinton, Dennis Wusskind, and Anthony Terry, signed receipts for 192 more mats, which were loaded onto Taylor Construction trucks and trailers in Covington County. The next day, Libby, Wusskind, and Hinton returned for forty-eight additional mats to be loaded onto Taylor Construction trucks and trailers in Covington

County. There are separate signed receipts and bills of lading for each load Taylor Construction received.

¶15. Taylor Construction acknowledges it paid invoices based on the receipts and bills of lading signed by its truck-driver employees before it disputed Superior's terms of rental. Superior alleged that Taylor Construction eventually returned to Covington County only 711 of the 732 mats. Superior alleges seventy-two of these mats were allegedly no longer merchantable, 266 had to be repaired before being put back into service, and 607 required extensive cleaning before being put back into service.

¶16. Superior and Taylor Construction's affidavits confirm that many of Superior's allegations in the complaint are truthful. Taylor Construction proffered Michael Montgomery's affidavit, in which Montgomery verified that Taylor Construction took possession of a majority of the mats in Covington County and returned the mats to Covington County. Kyle Taylor, the president of Taylor Construction, did not dispute this in his affidavit, and he confirmed the rental of the mats. Superior provided the affidavits of Leslie Rutland and Tommy Delk. Both Rutland and Delk confirmed Montgomery's statements regarding the rental of the mats. Both affidavits confirmed that Taylor Construction took possession of a majority of the mats in Covington County and returned mats in Covington County.

¶17. It was agreed that Taylor Construction would pick up and return the lion's share of mats in Covington County. The pickup and return of mats was a substantial act or omission because the mats' rental and return occurred in Covington County. The record provides

8

credible evidence to establish that the circuit court did not abuse its discretion by denying the motion to transfer venue.

## CONCLUSION

¶18.    Credible evidence exists in the record to support the circuit court's determination that the plaintiff's choice of venue was appropriate; accordingly, the circuit court did not abuse its discretion. We affirm the judgment of the circuit court.

¶19.    **AFFIRMED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. GRIFFIS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION.**

**GRIFFIS, JUSTICE, SPECIALLY CONCURRING:**

¶20.    The issue before the Court is whether "a substantial alleged act or omission occurred" in Covington County.  Miss. Code Ann. §11–11–3(1)(a)(i) (Rev. 2019).  This Court has yet to arrive at a consistent, workable definition of the term "substantial" as used in the venue statute.

¶21.    In *Medical Assurance Co. of Mississippi v. Myers*, this Court ruled,

> Finally, Dr. Myers argues that because he operated a clinic in Holmes County, a substantial injury-causing event *occurred* or *accrued* in Holmes County. However, under the amended statute, *venue is no longer set by where a cause of action accrued.* Even though Dr. Myers claims he was damaged when he experienced being uninsured in Holmes County (and in Humphreys, Washington, and Sunflower counties), this could be the *result* of substantial acts, omissions, or injury-causing events which occurred in Madison County alone. Following Dr. Myers's logic, a plaintiff injured in an automobile accident in Madison County could establish venue in every county in which the plaintiff traveled simply by showing that, in each county, his or her injuries worsened.

9

The venue statute does not allow the "piling" of acts or events to establish venue. *It specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there*. [T]he plaintiff filed suit against a pharmaceutical company for injuries sustained from taking Redux. The plaintiff obtained the prescription, filled it, and ingested the pills in Wayne County. However, she filed suit in Smith County because the echocardiogram revealing her injuries was performed there. Whether the test was properly performed was a major point of contention between the parties. Nevertheless, this Court held that venue was only proper in Wayne County, saying "the performance and interpretation of an echocardiogram, alone, is not sufficient so as to constitute a 'substantial component' of this claim. Likewise, any emotional distress or psychological pain resulting from the findings of an echocardiogram does not constitute a substantial component of the claim." *Thus, the performance of an echocardiogram or the place where the plaintiff experienced her injuries was not "substantial" enough to establish venue in a particular county*. The same is true of the receipt of correspondence, the location of a single clinic in a multi-clinic operation, or the place where Dr. Myers "experienced" being uninsured.

*Med. Assurance Co. of Miss. v. Myers*, 956 So. 2d 213, 219-20 (Miss. 2007) (third, fifth, and sixth emphasis added) (citations omitted). Thus, this Court ruled that the venue statute "specifically requires a substantial alleged act, omission, *or injury-causing event to have happened in a particular jurisdiction* in order for venue to be proper there." *Id.* (emphasis added).

¶22. The majority attempts to define the word "substantial," to include "consisting of or relating to substance; not imaginary or illusory: real, true; important, essential." Maj. Op. ¶ 9 (internal quotation marks omitted) (quoting *Substantial*, Merriam-Webster (2020), https://www.merriam-webster.com/dictionary/substantial#learn-more). This definition has three parts and "real" is used in the context of "not imaginary or illusory: real, true . . . ." *Substantial*, Merriam-Webster (2020),

10

https://www.merriam-webster.com/dictionary/substantial#learn-more. The majority then uses this definition to hold that

> *A substantial act then is one that bears a real relevance to the plaintiff's claim.* The plaintiff's burden to demonstrate credible evidence for a choice of venue is a burden to demonstrate credible evidence of acts by the defendant in the chosen venue that *have a real, not incidental, relevance to the plaintiff's claim*. The complaint, the exhibits to the complaint, the answer, and affidavits demonstrate credible evidence of multiple substantial acts and occurrences in Covington County.

Maj. Op. ¶ 12 (emphasis added). The use of the terms "real" or "real, not incidental" do not assist in the interpretation of "substantial" used in the venue statute.

¶23. I prefer that we not use the term "real" in the consideration. It does not aid the interpretation. At a minimum, the majority should consider the fact that Merriam-Webster also defines "real" as "fundamental, essential." *Real*, Merriam-Webster (2020), https://www.merriam-webster.com/dictionary/real. The use of the terms "important," "essential," or "fundamental" would actually assist in the interpretation of what is a "substantial act" as used in the venue statute.

¶24. Here, Superior sued Taylor for breach of the rental agreement. One condition of the rental agreement required Taylor to return the mats in a reasonable condition. This term was important and essential to the agreement. Superior alleges that Taylor did not return the mats in a reasonable condition and, as a result, breached the rental agreement and is owed substantial compensation for this breach. This condition was breached when Taylor returned the mats. Therefore, I conclude that the breach of the agreement occurred in part in Covington County and that the breach was "a substantial act" that occurred in Covington

11

County because the breach was important, essential, and fundamental to the breach-of-contract claim.

¶25.   I would affirm the circuit court.