# IN THE SUPREME COURT OF MISSISSIPPI

# NO. 2001-CA-01755

*VANESSA HAYES, INDIVIDUALLY, AND ON BEHALF OF
ALL WRONGFUL DEATH BENEFICIARIES OF CARLOS
MILES, DECEASED, AND AMICIA MILES, DECEASED;
VANESSA HAYES, AS MOTHER AND NEXT FRIEND OF
CARTAVIOUS MILES, A MINOR; KATHLEEN HAYES,
INDIVIDUALLY, AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF CASHIUS HAYES, DECEASED,
AND KIARIA HAYES, DECEASED; KASHIUS LEWIS,
INDIVIDUALLY; AND CARLOS MILES, INDIVIDUALLY*

*v.*

*ENTERGY MISSISSIPPI, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 9/25/2001 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | W. STEPHENS COX |
| | CHARLES M. MERKEL |
| | CHARLES VICTOR McTEER |
| ATTORNEY FOR APPELLEE: | JOHN H. DUNBAR |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 04/29/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In this wrongful death case we consider the plaintiffs' claims that the trial court erred on a number

of issues within the course of litigation, including pre-trial and post-trial motions. Plaintiffs Vanessa Hayes,

Kathleen Hayes, Kashius Lewis, and Carlos Miles sued Entergy Mississippi, Inc. (Entergy) and Baker

Engineering, asserting that both were negligent in repairing a meter and failing to reconnect the ground wire and for failing to inspect the condition of the ground wire. The case was tried in the Coahoma County Circuit Court and ended with a hung jury. Before the start of the second trial, the plaintiffs settled with Baker Engineering, the company which contracted with Entergy to perform meter reading services in the Jonestown area, beginning in August 1995. Following a change of venue to Bolivar County, the second trial began and ended with a jury verdict in favor of Entergy. Finding no reversible error, we affirm.

## FACTS

¶2. On the evening of March 2, 1997, in Jonestown, Mississippi, the home of Mary Hayes burned and tragically four children died. The children had been put to bed in the front room of the small three-room home. Sometime around 8:40 p.m. lightning struck near the Hayes' home, and within eight minutes the first call reporting the fire was taken.

¶3. Kathleen Hayes, the mother of two of the children, testified that she heard a loud noise and when she opened the door to the front room it was full of fire and she could not get to the children. She was joined outside the house by Kashius Lewis, the father of her children. He, too, was unable to reach them, and he also testified that the fire was confined to the front of the home. Lloyd Lewis, the fire chief, testified that he arrived within minutes and that no flames were outside of the house. He also testified that he believed the fire began in the corner of the house where the electrical meter was located. The fire marshal for the State of Mississippi was called to investigate. He placed the origin of the fire at the meter and panel box and concluded that it was a lightning-induced fire as a result of a power surge coming in on the service line to the home.

## DISCUSSION

2

¶4.     In this appeal, the plaintiffs raise fifteen issues bearing on the rulings of the trial court on venue, the admissibility of evidence and testimony, and the refusal of jury instructions.  The plaintiffs argue that the trial court erred in denying: their motion for judgment notwithstanding the verdict, the renewed motion for mistrial, the motion to strike defenses for failure to comply with discovery requests, the motion to request subpoenas be issued to the jurors, and the motion to exclude any evidence of Entergy's service policy.  The plaintiffs also contend that the trial court erred in failing to allow testimony of four of the plaintiffs' witnesses, refusing to allow the plaintiffs to use a 1999 training manual to impeach a witness for the defense, refusing to grant a jury instruction on the duty of care, and failing to grant the plaintiffs adequate time for closing arguments.  Finally, the plaintiffs assert that the trial court erred in granting Entergy's motion for change of venue, in granting Entergy's motion to strike testimony of the jurors and in granting Entergy's motion to take judicial notice of the process by which the service policy of an electric provider is approved by the Public Service Commission.

¶5.     Of the fifteen issues raised, twelve pertain to the trial court's evidentiary rulings and after a thorough review of the record we find no abuse of discretion.  The remaining three issues are discussed below.  Because we affirm the judgment in favor of Entergy, it is not necessary that we address the issues of Entergy's cross-appeal.

### I.  Change of venue.

¶6.     The standard of review for a change of venue is abuse of discretion.  The trial judge's ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the  circumstances of the case.  ***Donald v. Amoco Prod. Co.,*** 735 So.2d 161, 181 (Miss. 1999); ***Estate of Jones v. Quinn***, 716 So.2d 624,

626 (Miss. 1998) (quoting *Beech v. Leaf River Prods., Inc.*, 691 So.2d 446 (Miss. 1997); *Miss. State Highway Comm'n v. Rogers*, 240 Miss. 529, 128 So.2d 353, 358 (1961)).

¶7.     In the instant case, the trial court's decision to transfer venue was based on substantial media attention during the first trial, including newspaper reports on evidence that was ruled inadmissible and upon a concern of community bias or intimidation of the jurors, in the event the verdict was in favor of Entergy. The plaintiffs suggest that the trial court should have taken corrective measures to ensure the impartiality of the jury, rather than transferring venue. They cite *Hudson v. Taleff*, 546 So.2d 359 (Miss. 1989). However, that case is not applicable to the present circumstances. *Hudson* did not address the issue of change of venue, but applied instead to make up of the venire in larger counties and challenges during voir dire. Upon careful consideration, the trial court here determined that the evidence supported the change of venue, and the plaintiffs fail to demonstrate an abuse of discretion in that decision. Finding no error, we affirm the trial court decision to change venue.

## II.  Discovery Responses.

¶8.     The plaintiffs argue that the trial court should have sanctioned Entergy for its failure to timely produce and comply with discovery. Underlying their argument are certain Entergy responses to interrogatories and requests for production of documents. Late in 1997, the plaintiffs served their first set of interrogatories and request for production of documents. In this first request, Entergy was asked to produce "any and all manuals or instruction material provided to meter readers or service men which in any way describe the purpose of grounding and their duties and obligations with respect to inspecting for grounding of homes serviced by the Defendant." Entergy responded that there were no such manuals or

4

instruction materials.

¶9.     Two years after the first interrogatories and request for production, the plaintiffs propounded their fourth set of requests for production of documents and specifically asked that Entergy produce a copy of the training disk for meter readers.  Entergy eventually produced the CD ROM, but only after the court entered an agreed protective order.  On August 28, 2001, Entergy served supplemental responses to the discovery requests, reporting that there were additional documents, CD ROMs and videos subject to discovery.  The additional materials indicated that there was also an "old meter reader manual" that had been utilized prior to 1999, and that Entergy subsequently refused to produce.  On September 13, 2001, the court ordered Entergy to produce the old manual and ordered that it make available an employee, Ed Smith, to give testimony regarding the manual.  The plaintiffs subsequently filed a motion to strike Entergy's defenses, alleging what they characterized as discovery abuses, and asked the trial court to enter a judgment of liability in their favor.  The motion was denied.

¶10.     Entergy maintains that, when first served with interrogatories, its response to No. 14 was not in violation of any discovery rules.  Entergy contends that the request was so specific as to exclude the "old manual" and further that because Entergy did not have meter readers at the time of the accident that the "old manual" was not responsive to the request.  Subsequently, a box of documents was turned over to Entergy by a Baker Engineering employee.  It was at this time that Entergy discovered the additional documents, CD ROMs and the training video that were the subject of their supplemental responses.

¶11.     It is undisputed that the trial court has discretion over discovery matters, and its ruling will be reversed only where there has been an abuse of discretion.  *Cole v. Buckner,* 819 So.2d 527, 530 (Miss. 2002) (citing *Harkins v. Paschall*, 348 So.2d 1019, 1022 (Miss. 1997)).  Likewise, the

5

standard of review on the issue of sanctions for alleged discovery violations is "whether the trial court abused its discretion in its decision." *Cooper v. State Farm Fire & Cas. Co.*, 568 So.2d 687, 692 (Miss. 1990). If there is no intent or willful neglect by the violating party, "the court is not justified in imposing sanctions." *Harkins*, 348 So.2d at 1022. There is nothing in the record before this Court to indicate that Entergy acted with intent or was willfully negligent in supplementing its discovery responses. Furthermore, the plaintiffs fail to show that they were prejudiced by Entergy's supplementation. Finding no abuse of discretion by the trial court, we affirm its rulings on discovery issues.

### III. Alleged jury misconduct.

¶12. After the verdict was read, the jury was polled, revealing that the verdict was 10 - 2 in favor of Entergy. After the jury was dismissed, three jurors approached Charles Victor McTeer, an attorney for the plaintiffs, and attempted to talk with him. McTeer directed the jurors to the court and requested that the court conduct a hearing with regard to the purpose of the jurors approaching him. McTeer further requested that the hearing take place before the judge entered the judgment. The judge entered the final judgment and then heard from the three jurors, who asserted that they were pressured into making a decision by other members of the jury who had grown impatient with the deliberation process.

¶13. The plaintiffs argue that a post-trial investigation was warranted to determine whether there was jury misconduct. Entergy maintains that under Miss. R. Evid. 606(b) the jurors' testimony is not competent because it concerned the jurors' mental processes and emotions and as such should be excluded. Miss. R. Evid. 606(b) states " a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other jury's mind or emotions as influencing him to assent or dissent from the verdict . . .or concerning his mental processes in connection

6

therewith . . ."

¶14.    In *Gladney v. Clarksdale Beverage Co.*, 625 So.2d 407 (Miss. 1993), this Court held

that in the absence of a threshold showing of external influences, an inquiry into the juror verdict is not required. Based on the proffered testimony of Jurors 1, 3, and 12, it is clear that there was no external influence upon the jury. When polled each of the three jurors voted for the verdict. Therefore, there were not sufficient grounds to warrant any investigation of the jury. Each juror was given the opportunity, when polled, to express any dissatisfaction with the verdict and the opportunity to vote without any jury deliberation room pressure. Therefore, the trial court was correct in refusing to allow further investigation of alleged jury misconduct.

## CONCLUSION

¶15. We hold that the trial court did not abuse its discretion in its evidentiary rulings and in granting a change of venue. Likewise, we find no abuse of discretion or prejudice to the plaintiffs in the trial court's decision to allow supplementation of discovery and to refuse to sanction Entergy. Lastly, we find that the plaintiffs failed to make an adequate showing that an investigation of jury misconduct was warranted. Therefore, we affirm the trial court's judgment.

¶16. **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**