# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-01504-SCT

*LISSA SNYDER*

*v.*

*JULIUS STEPHEN LOGAN d/b/a LOGAN INSURANCE AGENCY AND NATIONWIDE ASSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/09/2003 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARROLL RHODES |
| ATTORNEYS FOR APPELLEES: | DORRANCE AULTMAN |
| | WILLIAM HEATH HILLMAN |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 01/06/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., DICKINSON AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     Lissa Snyder ("Snyder") filed a complaint in the Jefferson County Circuit Court against Julius Stephen Logan d/b/a/ Logan Insurance Agency and Nationwide Assurance Company. The causes of action included fraudulent and negligent misrepresentation, simple and gross negligence, breach of contract and bad faith. The complaint followed Nationwide's denial of coverage after she was in a one-vehicle accident.

¶2. The trial court ruled that proper venue only lay in Adams, Warren, and Rankin Counties and granted the defendants' motion for change of venue. Snyder filed a motion to alter or amend and a motion to reconsider or enter an order granting interlocutory appeal. The trial court denied her motions, but deferred entry of its order transferring venue pending a ruling on her petition for interlocutory appeal. This Court granted permission to proceed with her interlocutory appeal. See M.R.A.P. 5.

**FACTS**

¶3. Snyder, a Jefferson County resident, purchased Nationwide auto insurance from the Logan Agency, located in Natchez (Adams County), in December 2000. Nationwide is a foreign insurance company (Wisconsin) with a registered agent for process in Rankin County. The owner of the Logan Agency, Julius Stephen Logan, a resident of Jefferson County, passed away on December 28, 2001. As a result, on January 2, 2002, Logan's book of insurance and agency were transferred to Dan E. Muirhead, a Nationwide agent in Vicksburg (Warren County).

¶4. It is undisputed that her policy was cancelled on December 16, 2001, by Nationwide due to her failure to pay premiums. Subsequently, Snyder received a bill from Nationwide stating that Snyder owed an additional $64 for past coverage. On January 3, 2002, Snyder traveled to the agency in Natchez and paid the outstanding $64. Snyder claims that shortly afterwards she called Nationwide's toll-free number to inquire as to why she had to pay the $64. She claims that she was informed that the payment was for reinstatement of the policy and that the agency in Natchez needed to first verify payment before reinstatement.

2

¶5. On January 7, 2002, Snyder returned to the Natchez agency and informed the employee there about the telephone conversation with Nationwide. The employee contacted Nationwide and subsequently issued Snyder an insurance card indicating that she was covered from January 7, 2002, through February 7, 2002.

¶6. On January 8, 2002, Snyder and her brother were involved in a single-car accident in Jefferson County. Subsequently, Nationwide denied her claim, and she filed the instant case on February 19, 2002. After the case was removed to and remanded from the federal court, the defendants filed a motion for change of venue and to dismiss Julius Stephen Logan. The trial court granted the change of venue but deferred consideration of the motion to dismiss.

**ANALYSIS**

¶7. The trial court ruled that Jefferson County was not a proper venue because the underlying accident is not part of the claims on which the complaint is based and that all claims pertain to alleged misrepresentations made by Nationwide and the Muirhead Agency.

¶8. On appeal, Snyder argues that the trial court abused its discretion and that venue was proper in Jefferson County for several reasons. First, her loss occurred there. Second, Logan was domiciled there. Third, the alleged misrepresentations were made to her over the phone while she was at her home there. Snyder agrees with the trial court that venue would also be proper in Adams, Warren and Rankin Counties and notes that "[o]f right, the plaintiff selects among the permissible venues, and [her] choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1155 (Miss. 1992). Snyder also relies on *Stubbs v. Mississippi Farm Bureau Cas. Ins. Co.*, 825 So.2d 8 (Miss. 2002), for her choice of venue.

3

¶9.     "An application for change of venue is addressed to the discretion of the trial judge, and his ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances." *Guice v. Miss. Life Ins. Co.*, 836 So.2d 756, 758 (Miss. 2003) (citations omitted).

### Is Venue Proper in Jefferson County?

¶10.    At the time this lawsuit was commenced, Miss. Code Ann. § 11-11-7[1] provided that actions against insurance companies may be brought in any county in which a loss may occur. Miss. Code Ann. § 11-11-3 was amended in 2002. (See 2002 Miss. Laws, 3rd Extra Sess., ch. 2, § 1, eff. January 1, 2003; 2002 Miss. Laws, 3rd Extra Sess., ch. 4 § 1, eff. January 1, 2003.) However, at the time this lawsuit was commenced, Miss. Code Ann. § 11-11-3 stated:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue and, if the defendant is a domestic corporation, in the county in which said corporation is domiciled or in the county where the cause of action may occur or accrue.

¶11.    In *Capital City Insurance Co. v. G.B. "Boots" Smith Corp.*, No. 2002-CA-01896-SCT, 2004 WL 2403939 (Miss. Oct. 28, 2004), we recently examined both statutes and held the general venue statute, Miss. Code Ann. § 11-11-3, to be mandatory, while the insurance venue statute, Miss. Code Ann. § 11-11-7, is permissive. 2004 WL 2403939 at *12 (¶35).  Capital City further held that, "[t]hus, where there is a resident defendant, the general venue statute 'shall' apply; and where there is no resident defendant, the insurance company venue statute

---

[1]Repealed by H.B. 19, 2002 Miss. Laws, 3rd Extra Sess., effective January 1, 2003.

4

offers the plaintiff other options." *Id.* Because there is a resident defendant (Logan Insurance Agency) in the case sub judice, the general venue statute, Miss. Code Ann. § 11-11-3, shall apply.

¶12. This Court considered both § 11-11-7 and § 11-11-3 in *Stubbs.* In *Stubbs*, this Court held that the Circuit Court of Smith County abused its discretion in granting a change of venue to Simpson County. 825 So. 2d at 9. The Stubbses filed suit in the Smith County Circuit Court against Welch, Welch's dealership, Trustmark, and Farm Bureau alleging several causes of action including breach of contract and negligence. *Id*. The wreck occurred in Smith County but John was hospitalized in Simpson County. *Id*. The Stubbses and Welch were residents of Simpson County. Trustmark's principal place of business was in Hinds County, but its branch in Simpson County handled the transaction. *Id*. 11. Farm Bureau's principal place of business was in Hinds County, but A.W. spoke to and conducted business with the Smith County office.

¶13. The Stubbses claimed that Farm Bureau's refusal to cover property damage was bad faith. *Id*. at 13. Because coverage was limited to liability, this Court held that there could not be a bad faith claim for failure to pay an uncovered claim. *Id*. Accordingly, this Court dismissed Farm Bureau and held venue could not be established under § 11-11-7. However, this Court went on to declare that venue was proper in Smith County, under §11-11-3, because the wreck occurred there.

¶14. In holding that venue was proper in Smith County, this Court stated in *Stubbs* that, "the actions of [the defendants] Welch , Auto Plex, and Trustmark, were relatively harmless until the accident occurred, which necessitated reliance on the defendants' alleged guarantee, as

averred by the Stubbses, that the Stubbses' vehicle would be insured until they were covered by their own insurance." *Id.* at 15.

¶15. Following this Court's precedent, venue in the case sub judice is also proper where the accident occurred; i.e. Jefferson County. Here, as in *Stubbs*, the actions of the defendants were also harmless until the accident occurred in Jefferson County. "[T]here is nothing in the phrase 'where the cause of action may occur ...' that limits the judicial search for but a single county... [I]t is common experience that breach and causation and impact do not all always happen at once. At the very least, the word occur connotes each county in which a substantial component of the claim takes place..." *Earwood v. Reeves*, 798 So. 2d 508, 513 (Miss. 2001), quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d at 1157.

¶16. The trial court was correct in holding that venue was proper in Adams, Warren, and Rankin Counties but erred in finding that venue was not proper in Jefferson County. But for the accident, which occurred in Jefferson County, no injury would have occurred and no suit would have been filed. Venue is proper in Jefferson County because a substantial component of the claim; personal injury and property damage, occurred there. "It is well established that the plaintiff is entitled to choose between any of the permissible venue options where credible evidence or factual basis supports the venue selected." *Wal-Mart Stores, Inc. v. Johnson*, 807 So. 382, 387 (Miss. 2001). Therefore, the plaintiff's choice of venue in Jefferson County must be sustained. Because this issue is determinative, the other issues raised by Snyder are not discussed.

## CONCLUSION

6

¶17. For these reasons, we reverse the change of venue order and remand this case to the Circuit Court of Jefferson County for further proceedings consistent with this opinion.

¶18. **REVERSED AND REMANDED**.

**WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. SMITH, C.J., DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**