# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-IA-01191-SCT

*SHANNON HOLMES AND STATE FARM*
*MUTUAL AUTOMOBILE INSURANCE*

*v.*

*LEE McMILLAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2008 |
| TRIAL JUDGE: | HON. HOUSTON JAMES PATTON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY COUNTY COURT |
| ATTORNEYS FOR APPELLANT: | HENDERSON JONES |
| | PHILIP W. GAINES |
| | JEREMY T. HUTTO |
| ATTORNEYS FOR APPELLEE: | GREGORY K. DAVIS |
| | TYLVESTER OTIS GOSS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 11/19/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This case arises out of a traffic accident between a resident of Rankin County, Mississippi, and a resident of Hinds County, Mississippi.  The parties dispute whether the accident occurred in Rankin County or in Hinds County.  The plaintiff sued the defendants in Hinds County, and the defendants filed a motion to transfer venue to Rankin County.  The trial court found that venue was proper in Hinds County, and the defendants filed this interlocutory appeal.  Finding the trial court to be in error, we reverse.

**FACTS**

¶2.     On July 8, 2006, at approximately 10:18 p.m., Shannon Holmes was involved in a motor vehicle accident with Lee McMillan in the roundabout intersection of International Drive and Old Brandon Road, at the entrance to the Jackson-Evers International Airport. Officer Patrick Minor of the Jackson Police Department arrived at the scene within minutes of the accident to investigate. Officer Minor noted in his Uniform Crash Report that the accident had occurred in the City of Jackson and stated in the "Collision Narrative" that:

> [Holmes] was driving west on Old Brandon Road and said the brakes on her car would [sic] stop her vehicle and that is what caused the accident. [McMillan] was traveling east on Old Brandon Road headed to the Jackson-Evers International Airport. He entered into the round-a-bout and was hit by [Holmes].

¶3.     Officer Minor further noted that Holmes had a valid driver's license, but that she had no proof of insurance. He indicated that McMillan had a valid driver's license and an insurance policy with State Farm Mutual Automobile Insurance Company. At the time of the accident, Holmes resided in Rankin County, Mississippi, and McMillan resided in Hinds County, Mississippi.

¶4.     McMillan claims to have been injured in the accident resulting in medical expenses in excess of $60,000. After the accident, McMillan filed a claim for uninsured motorist benefits with State Farm. State Farm refused to pay McMillan an amount that was satisfactory to him, but sent him a letter along with a check for $3,000.

¶5.    McMillan filed a complaint in the County Court of Hinds County against State Farm, alleging breach of contract with McMillan by failure to honor his insurance policies[1] and Holmes against alleging negligent conduct on the night of the accident. Both State Farm and Holmes (hereinafter, jointly referred to as "the Defendants") timely filed their answers. State Farm also filed a motion to dismiss or transfer venue, and Holmes filed a motion to transfer venue. McMillan responded to these motions, and both Defendants filed rebuttals to McMillan's response.

¶6.    The trial court held a hearing regarding the motions to transfer venue, denied both motions, and entered an order to that effect. In finding that venue was proper in Hinds County, the trial court stated at the conclusion of the hearing:

> According to the evidence presented here this morning, the accident occurred on International Drive and Old Brandon Road, which is physically located in Rankin County. However, the City of Jackson has jurisdiction over that matter in that it is leading to the airport and it is part of the airport property. So that falls within the jurisdiction of the City of Jackson.
> Also from the evidence presented this morning, the accident was investigated by the Jackson Police Department and not by Rankin County or any other official, which shows that the venue should be proper in Hinds County.
> For the foregoing reasons, we will allow venue to remain in Hinds County where the original suit was filed.

¶7.    The Defendants timely filed a joint petition for interlocutory appeal. McMillan filed an answer in opposition to the Defendants' joint petition for interlocutory appeal, and a panel on this Court granted the Defendants' joint petition. The Defendants raise one issue on

---

[1] McMillan asserted that he had three separate insurance policies with State Farm, all of which provided for uninsured motorist coverage.

appeal: whether venue is proper in Rankin County pursuant to Mississippi Code Annotated Section 11-11-3, notwithstanding Mississippi Code Annotated Section 61-9-3(3).

## ANALYSIS

¶8.     "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." ***Hedgepeth v. Johnson***, 975 So. 2d 235, 238 (Miss. 2008) (quoting ***Flight Line, Inc. v. Tanksley***, 608 So. 2d 1149, 1155 (Miss. 1992)). This Court reviews trial court decisions regarding venue for an abuse of discretion. *See, e.g.*, *id.* at 237. We will not disturb a trial court's ruling regarding venue "unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Id.* (quoting ***Hayes v. Entergy Miss., Inc.***, 871 So. 2d 743, 746 (Miss. 2004)). But if the interpretation of a venue statute is at issue, this Court will review the trial court's decision de novo. *Id.* (citing ***Champluvier v. State***, 942 So. 2d 145, 150 (Miss. 2006)).

### I.     *Mississippi Code Section 61-9-3*

¶9.     McMillan argues that Mississippi Code Section 61-9-3(3), which regulates "ordinance[s] to incorporate properties constituting an airport or air navigational facility into the corporate boundaries of a municipality," places venue in Hinds County. The relevant portion of the statute reads as follows:

> Subject only to the provisions hereof, and irrespective of the geographic location of the airport or air navigational facility in a county or judicial district other than the county or judicial district within which the principal office of the municipality is located, any such ordinance shall become effective upon the effective date fixed therein. On and after such effective date and on or after

4

March 10, 1976 *all laws, municipal ordinances, and local options effective in the municipality as a result of municipal, judicial district and county options exercised in the municipality, judicial district or the county within which the principal office of the municipality is located, and all other laws, orders, codes and resolutions of and applicable to the municipality availing or having availed itself of the provisions hereof as well as those of the board of supervisors of the county in which the principal office of the municipality is located, shall be applicable to such airport or air navigational facility*; provided, however, that no permit for the sale of any alcoholic beverage as defined in section 67-1-5, Mississippi Code of 1972, except an on-premises retailer's permit as authorized by section 67-1-51(c), shall be issued for use at such airport or air navigational facility. *Venue for the trial of all offenses against such laws and ordinances shall be in the county in which the principal office of the municipality is located.*

Miss. Code Ann. § 61-9-3(3) (Rev. 2004) (emphasis added). The plain language of Section 61-9-3(3) indicates that the venue requirement of this section applies for trials of violations of laws, ordinances, and local options which *result from* actions by municipal officials and any laws which are "*of and applicable to the municipality*" which incorporated an airport or air navigational facility.

¶10.  McMillan argues only that Holmes violated Mississippi Code Sections 63-15-43 and 63-3-801, and that State Farm violated Mississippi Code Section 83-11-101. These allegations do not meet the requirements of Mississippi Code Section 61-9-3(3), as stated above, because the alleged violations are not against laws *resulting from* action by the municipal officials of Jackson, nor are they laws which are "*of and applicable to*" the City of Jackson. The Mississippi statutes are "of" the Mississippi State Legislature and *result from* state action, not actions by the municipality of Jackson. Therefore, Mississippi Code Section 61-9-3(3) is inapplicable in the present matter and need not here be interpreted further.

5

## II.    *Mississippi Code Section 11-11-3(1)(a)(i)*

¶11.    That being said, pursuant to Section 11-11-3(1)(a)(i), venue is proper in Rankin County. Mississippi Code Section § 11-11-3(1)(a)(I), Mississippi's venue statute, reads as follows:

> Civil actions of which the circuit court has original jurisdiction[2] shall be commenced in the county *where the defendant resides*, OR, if a corporation, in the county of its *principal place of business*, OR in the county where a *substantial alleged act or omission occurred* OR where a *substantial event that caused the injury occurred*.

Miss. Code Ann. § 11-11-3(1)(a)(I) (Rev. 2004) (emphasis added pursuant to ***Hedgepeth v. Johnson***, 975 So. 2d 235, 238 (Miss. 2008)).

¶12.    Pursuant to Section 11-11-3(1)(a)(I), this Court holds that the plaintiff cannot establish venue in Hinds County pursuant to any basis provided for in the statute for the following reasons: (1) Holmes, the resident defendant, resided in Rankin County at the time of the accident; (2) corporate defendant State Farm's principal place of business is in Bloomington, Illinois, i.e., outside of Mississippi; (3) under the facts of this case, the communications received in Hinds County by McMillan between himself and State Farm are not sufficient to show that a "substantial alleged act or omission occurred" in Hinds County, pursuant to

---

[2] Section 11-11-3(1)(a)(I) governs "[c]ivil actions of which the *circuit court* has original jurisdiction." Miss. Code Ann. § 11-11-3(1)(a)(I) (Rev. 2004) (emphasis added). Although this case was initiated in *county court* in Hinds County, county courts "have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusively of costs and interests, the sum of Two Hundred Thousand Dollars ($200,000.00)." Miss. Code Ann. § 9-9-21 (Rev. 2002). Though McMillan's complaint does not specify a damages amount, he states in his answer to the Defendants' joint petition for interlocutory appeal that he incurred medical expenses in excess of $60,000. Therefore, this Court applies Section 11-11-3(1)(a)(I).

this Court's precedents in ***Myers***[3] and ***Hedgepeth***, and (4) the accident -- which certainly occurred in Rankin County-- is "a substantial event that caused the injury."

¶13. Here, there is no dispute that Holmes was a Rankin County resident. Furthermore, there is no dispute that the location where the accident occurred, giving rise to this suit, is physically in Rankin County. Even the trial judge acknowledge such by concluding: "The accident occurred on International Drive and Old Brandon Road, which is *physically located in Rankin County*." (Emphasis added.) The venue statute says nothing about who happens to own the property where an automobile accident occurs; nor does it concern itself with whose police officers respond to the accident scene. Therefore, venue for the action against Holmes is not proper in Hinds County, but rather in Rankin County.

¶14. McMillan also sued his uninsured motorist insurance carrier, State Farm, for breach of contract, claiming it breached the contract of insurance by its failure to pay the claim. According to McMillan's complaint, "State Farm Mutual Automobile Insurance Company is a non-resident corporation, created organized and existing [sic] under the laws of the Statue of Illinois and has its principal place of business located at One State Farm Plaza, Bloomington, IL 61710."

¶15. Because State Farm's principal place of business is outside the state of Mississippi, the venue issue on this claim is controlled by ***Myers***, 956 So. 2d 213 (Miss 2007), and ***Hedgepeth***, 975 So. 2d 235 (Miss. 2008). ***Myers*** involved a lawsuit filed by an insured doctor against his insurance company for failure to renew his malpractice insurance policy.

---

[3]***Medical Assurance Co. of Miss. v. Myers***, 956 So. 2d 213 (Miss 2007).

In interpreting the statutory language, "*in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred,*[4]" we held that – for venue purposes – the relevant actions of the insurance company were those associated with the company's decision not to renew the policy. *Myers*, 956 So. 2d at 218-19. We further held that other acts, such as the application for the policy, the receipt of mail, and the payment of premiums, were "insufficient . . . for establishing venue." *Id.*

¶16.  According to *Myers,* "even if an act or omission did not cause the injury, it can nevertheless establish venue if it is both *substantial* and *alleged* by the plaintiff." *Id.* (emphasis added).  However,"the venue statute does not allow the piling of acts or events to establish venue. It specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there." *Id.*[5]

¶17.  In *Hedgepeth,* this Court distinguished the facts in *Myers*, but affirmed that in *Myers*, the "substantial alleged act or omission" was the failure to renew the insurance policy at issue. *Hedgepeth*, 975 So. 2d at 239-240.  In *Hedgepeth,* however, insurance adjusters personally visited the plaintiffs at their home and denied their claims which resulted from Hurricane Katrina. *Id*. Furthermore, the Hedgepeth's insurance agent – the defendant in that

---

[4] Miss. Code Ann. § 11-11-3(1)(a)(I) (Rev. 2004) (emphasis added).

[5] The *Myers* Court specifically held:  "Completing an application in, and making payments from, Holmes County cannot be considered substantial acts or injury-causing events in this case." *Id.* at 219.  *Myers* makes clear that where the injury-causing event that forms the basis of the suit is an act or omission by a party, venue may lie in the county in which that party's act or omission took place, not the county in which the plaintiff acted. *Id.*  The injury-causing event which gives rise to the suit against State Farm in the present matter is the denial of coverage.  All substantial events related to that denial occurred in Birmingham, Alabama - - the location of State Farm's office at which the decision was made to deny the claim.

8

matter - - came to their home and encouraged the plaintiffs to commit insurance fraud, leading to the plaintiff's emotional distress. The Hedgepeths filed suit in the Circuit Court of Jackson County, which was the county in which their home was located. We held that "substantial alleged acts" and "a substantial event that caused injury" occurred in Jackson County, and therefore, Jackson County was a proper venue in that matter.

¶18. With respect to McMillan's breach-of-contract claim against State Farm, the relevant acts to be examined are those associated with the denial of the claim. The record clearly establishes that the decision to reject the plaintiff's settlement demand was made in Alabama, and was communicated by letter which bore an Alabama return address – not in person at McMillan's residence. Nothing in the record – and nothing provided by McMillan – suggests that the rejection of the settlement demand was connected to Hinds County. Thus, in accord with our precedent, Hinds County is not an appropriate venue for McMillan's breach-of- contract claim.

¶19. In his dissent, Justice Kitchens relies on *Snyder v. Logan*, 905 So. 2d 531 (Miss. 2005). However, *Snyder* simply states in dictum that "[t]he trial court was correct in holding that venue was proper in Adams County . . . ," and neither the trial court nor this Court held the reason to be because Snyder had purchased her auto insurance there. Indeed, venue was proper in Adams County because that is where one of the defendants (Logan Insurance Agency) was located. See *id*. at 533 ("Because there is a resident defendant (Logan Insurance Agency) in the case . . . ."). Furthermore, Adams County is where the plaintiff alleged that fraudulent and negligent misrepresentations took place which formed the basis for the fraud claim in the lawsuit. *Id*. at 532. Finally, and perhaps more importantly, the

only issue before this Court in **Snyder** was whether venue was proper in Jefferson County, the county where the automobile accident had occurred. *Id*. at 534. We, of course, held that it was.

¶20.   Because venue of this civil action clearly is *not* in Hinds County, venue in this case is proper in Rankin County, pursuant to Section 11-11-3(1)(a)(i). Thus, we find that the trial court erred in concluding that venue was proper in Hinds County.

## CONCLUSION

¶21.   We hold that venue in this action is not proper in Hinds County, but rather is proper in Rankin County. Therefore, the trial court's order denying the motions to transfer venue filed by State Farm and Holmes is reversed and this matter is remanded for transfer of venue pursuant to this opinion.

¶22.   **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**GRAVES, PRESIDING JUSTICE, DISSENTING:**

¶23.   I disagree with the majority's findings that the car accident occurred in Rankin County and that venue is proper only in Rankin County. As the majority notes, pursuant to Mississippi Code Section 11-11-3(1)(a)(i),[6] venue is proper in the county where "a

---

[6] Mississippi Code Section 11-11-3(1)(a)(i) states in full:

Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

substantial event that caused the injury occurred," and in the instant case, the substantial event that caused the injury is the car accident that occurred in the roundabout at the intersection of International Drive and Old Brandon Road. The defendants do not dispute that the roundabout is part of the Jackson-Evers International Airport. By operation of law, the airport is located in the City of Jackson, which is in Hinds County. Therefore, as the trial court held, venue is proper in Hinds County. Accordingly, I must dissent and would affirm the trial court's order denying the defendants' motions to transfer venue to Rankin County.

¶24.    By operation of law, the airport property is located in the City of Jackson, which is in Hinds County. As noted in the majority opinion and in the paragraph above, the accident occurred in the roundabout at the intersection of International Drive and Old Brandon Road. The defendants do not dispute that the roundabout is part of the Jackson-Evers International Airport. The Jackson-Evers International Airport is, for all intents and purposes, located in the City of Jackson, which is in Hinds County. This is so because the City of Jackson adopted an ordinance in 1964 that incorporated into the City of Jackson all of the territory comprising the airport. *Jackson Mun. Airport Auth. v. Shivers*, 206 So. 2d 190, 191 (Miss. 1968) ("[T]he City of Jackson adopted an ordinance, effective July 1, 1964, incorporating into the city all of the territory comprising the Jackson Municipal Airport [i.e., the Jackson-Evers International Airport] in Rankin County. . . . [The Airport] is owned exclusively by the City of Jackson . . . ."). *See also Jackson Mun. Airport Auth. v. State*, 196 So. 2d 884, 884-85 (Miss. 1967) ("The [Jackson Municipal] Airport Authority is a public corporate body and an agency of the City of Jackson. . . . The Airport Authority purchased land in Rankin

---

Miss. Code. Ann. § 11-11-3(1)(a)(i) (Rev. 2004).

11

County and constructed an airport on it."). *Cf.* Jackson, Miss., Code of Ordinances §§ 1-2 (1971) (stating in the Rules of Construction and Definitions section under General Provisions that "[t]he words 'the county' or 'this county' shall mean and refer to Hinds County, Mississippi, and, where applicable, to that part of the city known as the Allan Thompson Airport [i.e., the Jackson-Evers International Airport] which lies in Rankin County"); *Id.* at § 126-3 (stating in the Definitions section of the Vehicles for Hire Ordinance that "*City* means and includes all the area within the corporate limits of the City of Jackson, including the Jackson International Airport [i.e., the Jackson-Evers International Airport] and public facilities outside the corporate limits owned and operated by the city"). No qualified electors or other residents of Rankin County reside on any of the property constituting the airport, and all the laws and ordinances of and applicable to the City of Jackson apply to the airport territory. **Shivers**, 206 So. 2d at 191; **Jackson Mun. Airport Auth. v. State**, 196 So. 2d at 885-86. Thus, the roundabout where the car accident occurred is located in the City of Jackson, and venue is proper in Hinds County.

¶25.   The fact that a police officer from the Jackson Police Department was dispatched to the scene of the accident is evidence that the airport roundabout is located in the City of Jackson. As is customary when an accident occurs at the Jackson-Evers International Airport, a police officer from the Jackson Police Department, not from the Rankin County Sheriff's Department, was dispatched to investigate. The police officer arrived at the scene seven minutes after the accident occurred. The officer stated in the Uniform Crash Report that the accident occurred at the intersection of Old Brandon Road and International Drive *in the City of Jackson*. As the trial court correctly stated, "the accident was investigated by

12

the Jackson Police Department *and not by Rankin County or any other official*, which shows that the venue should be proper in Hinds County." (Emphasis added.)

¶26. Moreover, although the defendants assert to this Court that the accident occurred in Rankin County, Holmes acknowledged at the trial court hearing that the airport roundabout is located in the City of Jackson. Furthermore, Holmes conceded that the traffic citation she received for driving without insurance was properly adjudicated in the Municipal Court of the City of Jackson; in other words, she already once submitted to venue in Hinds County regarding a wrongful act she committed at the airport roundabout.

¶27. Lastly, I am compelled to reiterate my disagreement with this Court's recent rulings regarding venue, as previously expressed in my special concurrence in *American Family Life Insurance of Columbus v. Ellison*, 4 So. 3d 1049, 1052-53 (Miss. 2009) (Graves, P.J., specially concurring). In *Ellison*, I expressed my disagreement with this Court's legal analyses and holdings in both *Baptist Memorial Hospital-DeSoto, Inc. v. Bailey*, 919 So. 2d 1 (Miss. 2005), and *Medical Assurance Company v. Myers*, 956 So. 2d 213 (Miss. 2007). *Ellison*, 4 So. 3d at 1052. Below, I briefly summarize the analyses and holdings of *Bailey* and *Myers*, as well those of *Ellison*, for the sole purpose of illustrating that the instant majority opinion is not the first, but rather one of many opinions in which this Court relies on illegitimate reasons to support unjustified results regarding venue.

¶28. In *Bailey*, the plaintiff, a resident of Quitman County, sued two defendants: a nonresident (i.e., out-of-state) individual defendant and a resident (i.e., in-state) corporate defendant that had its principal place of business in DeSoto County. *Bailey*, 919 So. 2d at 1-2. The plaintiff argued that because one of the defendants – the individual defendant – was

13

a nonresident, the venue statute allowed him to sue in his county of residence. *Id.* at 2. This Court rejected that argument, reasoning that "the Legislature never intended an interpretation of the venue statutes that would allow a resident defendant to be sued in the plaintiff's county of residence simply because a non-resident defendant, be it an individual or a corporation[,] is joined in the same suit." *Id.* at 3. The ***Bailey*** Court thus found that, because the resident defendant's principal place of business was located in DeSoto County, venue was proper in DeSoto County and not in Quitman County. *Id.* at 4.

¶29. In ***Myers***, the plaintiff doctor sued the defendant insurance company in Holmes County, alleging that the insurance company wrongfully had refused to renew the insurance policy covering the plaintiff's medical clinics. ***Myers***, 956 So. 2d at 214. The defendant's principal place of business was located in Madison County, but "Holmes County was the county 1) in which [the plaintiff doctor] completed his insurance application, 2) from which he paid an insurance premium under his policy, 3) from which he communicated with the defendant about his insurance policy, 4) in which he received the denial letter, and 5) in which one of his insured clinics was located." ***Ellison***, 4 So. 3d at 1053 (citing ***Myers***, 956 So. 2d at 214, 218). This Court reasoned that, although the plaintiff experienced being uninsured in Holmes County, this could be the *result* of substantial acts, omissions, or injury-causing events that occurred in Madison County alone. ***Myers***, 956 So. 2d at 219. Thus, this Court held that under Section 11-11-3(1)(a)(i), venue was proper only in Madison County (where the defendant's principal place of business was located) and therefore improper in Holmes County. *Id.* at 220.

14

¶30.    In *Ellison*, the plaintiff, a resident of Smith County, sued multiple defendants: two insurance agents, both of whom resided in Rankin County, and an insurance company, which had its principal place of business outside of Mississippi. *Ellison*, 4 So. 3d at 1050-51. The plaintiff alleged that the codefendants had breached their duty of good faith and fair dealing in failing to pay him the insurance benefits to which he was entitled. *Id.* at 1050. The plaintiff argued that venue was proper in Smith County because he was informed of the denial of the insurance benefits in Smith County, and thus his cause of action occurred or accrued in Smith County. *Id.* This Court reasoned that, pursuant to Section 11-11-3(1)(a)(i), unless the plaintiff could show that a "substantial act or omission" or a "substantial event causing the injury" had occurred in Smith County, venue would be proper only in Rankin County, where the resident defendants resided. *Id.* at 1051. The Court went on to find that the plaintiff's being informed of the denial of insurance benefits in Smith County was insufficient to establish venue there, and thus venue was proper only in Rankin County. *Id.*

¶31.    These three decisions – *Bailey*, *Myers*, and *Ellison* – as well as the majority's decision in the instant case, are summarized in Table 1 below.

**Table 1**

| Case | Counties Involved | Mississippi Supreme Court's Ruling |
|---|---|---|
| *Bailey* | Quitman and DeSoto | Venue Proper in DeSoto County |
| *Myers* | Holmes and Madison | Venue Proper in Madison County |
| *Ellison* | Smith and Rankin | Venue Proper in Rankin County |
| *Holmes* | Hinds and Rankin | Venue Proper in Rankin County |

15

¶32.   For the foregoing reasons, I must conclude that the instant case is yet another example of this Court using illegitimate rationale to support unjustified results regarding venue.  The airport roundabout where the car accident occurred is not located in Rankin County, but rather in the City of Jackson in Hinds County, and therefore, pursuant to Section 11-11-3(1)(a)(i), venue is proper in Hinds County.  Accordingly, I dissent and would affirm the trial court's order denying the defendants' motions to transfer venue to Rankin County.

**KITCHENS, JUSTICE, DISSENTING:**

¶33.   Although I agree with the majority's holding that Section 61-9-3(3) does not apply here, I dissent to express my concerns with the holding that venue is proper only in Rankin County and not in the First Judicial District of Hinds County.

¶34.   As acknowledged by the majority and according to Mississippi Code Section 11-11-3(1)(a)(i), a plaintiff has the following options from which he or she may choose in establishing proper venue: (1) if the defendant is a resident of Mississippi, venue is proper in the defendant's county of residence; (2) if the defendant is a Mississippi corporation, venue is proper in the county of the corporation's principal place of business; (3) venue is proper in any county where a substantial alleged act or omission occurred; or (4) venue is proper in any county where a substantial event that caused injury occurred. Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2004).[7]  From these four venue options, a plaintiff may choose "among the permissible venues, and his choice must be sustained unless in the end there is

_____

[7] McMillan filed suit in the County Court of Hinds County.  The jurisdiction of circuit court and county court are concurrent "in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,000.00). . . ." Miss. Code Ann. § 9-9-21 (Rev. 2003).  Thus, an analysis under Section 11-11-3(1)(a)(i) is proper.

no credible evidence supporting the factual basis for the claim of venue." *Hedgepeth v. Johnson*, 975 So. 2d 235, 238 (Miss. 2008) (quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992)).

¶35.    Applying Section 11-11-3(1)(a)(i) to the facts before us, venue is proper in either the First Judicial District of Hinds County or in Rankin County, and before filing suit, McMillan was free to choose between the two. As for Rankin County, venue is proper for two reasons. First, the defendant, Holmes, allegedly was a resident of Rankin County at the time the complaint was filed. Second, the automobile accident – which was a substantial event that caused injury – occurred there.

¶36.    With regard to the First Judicial District of Hinds County, venue was proper because a substantial, alleged act occurred there when McMillan entered into a contract with defendant State Farm through its agent, Jackie Bland, whose office was located in the First Judicial District of Hinds County. Accordingly, since he has supported his venue choice with credible evidence, McMillan's choice of venue – the First Judicial District of Hinds County – should be sustained.

¶37.    Moreover, this Court has held venue to be proper in the county where the office of the insurance company's agent was located, regardless of whether the insured met with the agent there; and, although the majority holds differently, the relevant acts to be considered in a breach-of-contract claim extend beyond the acts of the insurer's decision to deny a claim. In *Snyder v. Logan*, a Jefferson County resident purchased automobile insurance from a foreign insurance company's branch in Adams County. *Snyder v. Logan*, 905 So. 2d 531, 532-34 (Miss. 2005). Although there was minimal evidence that Snyder had any significant

17

connection with the branch in Adams County, this Court upheld the trial court's finding that venue was proper in Adams County. *Id.* In doing so, this Court did not specify its reasons for considering Adams County an appropriate venue; however, the only evidence before the Court was that: a) it was the branch from which Snyder had obtained her insurance; and b) Snyder allegedly had visited the branch on two occasions – once to pay an outstanding bill, and second, to verify coverage. *Id.* at 532. Moreover, the Adams County agency was relocated to Vicksburg, in Warren County, and this Court held that venue also was proper in Warren County. *Id.* The Court again failed to provide its logic for so holding; however, there was no evidence before the Court that Snyder had made a single visit to the new branch location in Warren County. *Id.* at 534.

¶38. Also, the majority cites *Medical Assurance Co. of Mississippi v. Myers*, where a physician filed suit against his insurance company for failure to renew his policy. *Med. Assurance Co. of Miss. v. Myers,* 956 So. 2d 213, 214 (Miss. 2007). This Court noted that, because there was no single, substantial act to establish venue in Holmes County, venue was proper in Madison County, where "the parties did meet. . . ." *Id.* at 219.

¶39. Clearly, this Court has placed emphasis on activities other than those pertaining to the decisions made by foreign corporations in their distant headquarters, and recognizes the importance of an in-state, face-to-face encounter between a corporation and a citizen of this state. And while the majority is correct in stating that, according to *Myers*, the venue statute requires at least one substantial alleged act or omission, not a conglomeration of minor occurrences, McMillan's entering into a contract with State Farm's agent, Jackie Bland, in the First Judicial District of Hinds County was substantial enough and supported by enough

18

credible evidence, that McMillan's choice of venue should be upheld. To be sure, the venue statute does not require that the action cause injury. *Id.* at 218. The only requirement is that the action be substantial and alleged. *Id.* Whether an act is substantial is a subjective question, the answer to which is, ordinarily, best determined in the trial court.

¶40. Because venue against State Farm was proper in the First Judicial District of Hinds County, venue also was proper against Holmes in th First Judicial District of Hinds County. "Where several claims or parties have been properly joined, the suit may be brought in any county in which any one of the claims could properly have been brought." Miss. R. Civ. P. 82(c). Said another way, "[i]n suits involving multiple defendants, venue properly established against one defendant generally is proper against all defendants." *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 432 (Miss. 2007) (citations omitted).

¶41. Therefore, I agree with the majority's holding that venue was proper in Rankin County; however, because I find that venue was also proper in the First Judicial District of Hinds County, I would affirm the trial court's denial of Defendants' Motion for Dismissal or Transfer.