KITCHENS, Justice,
Dissenting.
¶ 33. Although I agree with the majority’s holding that Section 61-9-3(3) does not apply here, I dissent to express my concerns with the holding that venue is proper only in Rankin County and not in the First Judicial District of Hinds County-
¶ 34. As acknowledged by the majority and according to Mississippi Code Section 11 — 11—3(l)(a)(i), a plaintiff has the following options from which he or she may choose in establishing proper venue: (1) if the defendant is a resident of Mississippi, venue is proper in the defendant’s county of residence; (2) if the defendant is a Mississippi corporation, venue is proper in the county of the corporation’s principal place of business; (3) venue is proper in any county where a substantial alleged act or omission occurred; or (4) venue is proper in any county where a substantial event that caused injury occurred. Miss.Code Ann. § 11 — 11—3(l)(a)(i) (Rev.2004).[7] From these four venue options, a plaintiff may choose “among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue.” Hedgepeth v. Johnson, 975 So.2d 235, 238 (Miss.2008) (quoting Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1155 (Miss.1992)).
¶ 35. Applying Section 11 — 11—3(l)(a)(i) to the facts before us, venue is proper in either the First Judicial District of Hinds *624 County or in Rankin County, and before filing suit, McMillan was free to choose between the two. As for Rankin County, venue is proper for two reasons. First, the defendant, Holmes, allegedly was a resident of Rankin County at the time the complaint was filed. Second, the automobile accident — which was a substantial event that caused injury — occurred there.
¶ 36. With regard to the First Judicial District of Hinds County, venue was proper because a substantial, alleged act occurred there when McMillan entered into a contract with defendant State Farm through its agent, Jackie Bland, whose office was located in the First Judicial District of Hinds County. Accordingly, since he has supported his venue choice with credible evidence, McMillan’s choice of venue — the First Judicial District of Hinds County — should be sustained.
¶ 37. Moreover, this Court has held venue to be proper in the county where the office of the insurance company’s agent was located, regardless of whether the insured met with the agent there; and, although the majority holds differently, the relevant acts to be considered in a breach-of-contract claim extend beyond the acts of the insurer’s decision to deny a claim. In Snyder v. Logan, a Jefferson County resident purchased automobile insurance from a foreign insurance company’s branch in Adams County. Snyder v. Logan, 905 So.2d 531, 532-34 (Miss.2005). Although there was minimal evidence that Snyder had any significant connection with the branch in Adams County, this Court upheld the trial court’s finding that venue was proper in Adams County. Id. In doing so, this Court did not specify its reasons for considering Adams County an appropriate venue; however, the only evidence before the Court was that: a) it was the branch from which Snyder had obtained her insurance; and b) Snyder allegedly had visited the branch on two occasions — once to pay an outstanding bill, and second, to verify coverage. Id. at 532. Moreover, the Adams County agency was relocated to Vicksburg, in Warren County, and this Court held that venue also was proper in Warren County. Id. The Court again failed to provide its logic for so holding; however, there was no evidence before the Court that Snyder had made a single visit to the new branch location in Warren County. Id. at 534.
¶ 38. Also, the majority cites Medical Assurance Co. of Mississippi v. Myers, where a physician filed suit against his insurance company for failure to renew his policy. Med. Assurance Co. of Miss. v. Myers, 956 So.2d 213, 214 (Miss.2007). This Court noted that, because there was no single, substantial act to establish venue in Holmes County, venue was proper in Madison County, where “the parties did meet....” Id. at 219.
¶ 39. Clearly, this Court has placed emphasis on activities other than those pertaining to the decisions made by foreign corporations in their distant headquarters, and recognizes the importance of an instate, face-to-face encounter between a corporation and a citizen of this state. And while the majority is correct in stating that, according to Myers, the venue statute requires at least one substantial alleged act or omission, not a conglomeration of minor occurrences, McMillan’s entering into a contract with State Farm’s agent, Jackie Bland, in the First Judicial District of Hinds County was substantial enough and supported by enough credible evidence, that McMillan’s choice of venue should be upheld. To be sure, the venue statute does not require that the action cause injury. Id. at 218. The only requirement is that the action be substantial and alleged. Id. Whether an act is substantial is a subjective question, the an *625 swer to which is, ordinarily, best determined in the trial court.
¶ 40. Because venue against State Farm was proper in the First Judicial District of Hinds County, venue also was proper against Holmes in the First Judicial District of Hinds County. “Where several claims or parties have been properly joined, the suit may be brought in any county in which any one of the claims could properly have been brought.” Miss. R. Civ. P. 82(c). Said another way, “[i]n suits involving multiple defendants, venue properly established against one defendant generally is proper against all defendants.” Penn Nat’l Gaming, Inc. v. Ratliff, 954 So.2d 427, 432 (Miss.2007) (citations omitted).
¶41. Therefore, I agree with the majority’s holding that venue was proper in Rankin County; however, because I find that venue was also proper in the First Judicial District of Hinds County, I would affirm the trial court’s denial of Defendants’ Motion for Dismissal or Transfer.

. McMillan filed suit in the County Court of Hinds County. The jurisdiction of circuit court and county court are concurrent “in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,000.00)....” Miss.Code Ann. § 9-9-21 (Rev.2003). Thus, an analysis under Section 11-1 l-3(l)(a)(i) is proper.